[L. A. No. 715. Department Two.—May 21, 1900.]

MERCHANTS' AD-SIGN COMPANY, Appellant, v. LOS ANGELES BILL POSTING COMPANY et al., Respondents.

VACATING JUDGMENT BY DEFAULT—DISCRETION—REVIEW UPON APPEAL.— The discretion of the court below in setting aside a judgment by default upon motion of the defendant will not be interfered with upon appeal, unless there is a clear abuse of legal discretion, although the facts are such as would have warranted the court in denying the motion.

ID.—CONFLICTING AFFIDAVITS—PROVINCE OF JUDGE.—Where the affidavits and counter-affidavits used upon the motion were conflicting, it was the peculiar province of the judge of the court below to determine the truth therefrom.

ID.—LIBERAL EXERCISE OF POWER—HEARING UPON MERITS.—The power of the court should be liberally exercised to mold and direct its proceedings so as to dispose of cases upon their merits; and where the circumstances are such as to lead the court to hesitate, the doubt should be resolved in favor of the application so as to secure a trial and judgment upon the merits.

ID.—AFFIDAVIT OF MERITS—VERIFIED ANSWER.—A verified answer presented with the motion, containing specific denials of the material allegations of the complaint, and containing affirmative matter of defense to the action, is of itself a sufficient affidavit of merits.

ID.—RIGHT TO FILE ANSWER.—Where the notice of motion to vacate the judgment stated that it would be made upon the affidavits and verified answer, copies of which were served therewith, and the order setting aside the judgment directed that the cause be reopened, and the parties be permitted to take such further proceedings as they may see fit, the defendants have a right to answer, notwithstanding a special request therefor was not incorporated in the motion, and no special permission was given therefor in the order.

ID.—PAYMENT TO CLERK OF MONEY ORDERED PAID TO PLAINTIFF—OBJECTION UPON APPEAL—MOTION.—It cannot be objected by the plaintiff upon appeal from the order vacating the judgment that money ordered to be paid to him by the defendants was paid to the clerk, when it appears that he refused to accept it; and any objection that the order was not complied with must be presented first by motion in the lower court, and cannot be considered upon such appeal.

APPEAL from an order of the Superior Court of Los Angeles County vacating a judgment by default. M. T. Allen, Judge.

The facts are stated in the opinion.

Fuller & Burnett, for Appellant.

Davis & Rush, for Respondents.

COOPER, C.—This is an appeal from an order vacating the default of defendants and setting aside a judgment against them through such default. It is claimed that the court abused its discretion, and that the facts were not such as to justify the court in making the order. The facts disclosed were such that the court might well have denied the motion. But we do not possess the discretion that is necessarily vested in the trial court, and, although we might have differed from the court in the conclusions reached if we had passed upon the evidence in the first instance, here we must determine whether or not the court abused the legal discretion vested in it. It is only in cases of the abuse of such discretion that we would be justified in reversing an order of this kind. The attorney for defendants filed and read his own affidavit, in which he stated that, prior to the expiration of the time for answering, he had a conversation with one of the attorneys for the plaintiff, in which he stated to said attorney that two of the defendants, Campbell and Sterling, had ceased carrying on the business of bill posting, and Sterling intended to leave for Mexico, and Campbell to go into another line of business. That several such conversations were had by defendants' attorney with plaintiff's attorney about a proposed dismissal of the case. That plaintiff's attorney said he would investigate, and, if he became satisfied that Campbell and Sterling had quit the business of bill posting and advertising in Los Angeles, he would dismiss the case, and that defendants' attorney need not do any more work or go to any more trouble in relation to the case until he was notified of the decision as to the proposed dismissal, and that the attorney for plaintiff said, "Let the matter rest as it is for a while, and I will inquire into the matter and discuss it with my client and let you know our decision." And the affidavit further states that in speaking about time for answering the attorney for plaintiff said: "Oh, take all the time you want; we can't try the case until after vacation, anyway."

The affidavit further states that the attorney for defendants became ill and was confined to his bed before his time for answering had expired, and continued to be ill and confined to his room most of the time for several days after the entry of default. These matters were nearly all denied by the attorney for plaintiff in a counter-affidavit. It was the peculiar province of the judge of the court below to determine the truth from the conflicting statements in the affidavits. He may have believed that the affidavit of the defendants' attorney stated the truth fully as to the conversations.

The judge, in making the order, took into consideration the nature of the action, that it was brought to restrain defendants from following a lawful occupation, and for damages based upon a contract for the sale of the goodwill of a business. He imposed the payment of one hundred and twenty-five dollars by defendants to plaintiff as terms in granting the motion. The rule is well settled that the power of the court should be liberally exercised to mold and direct its proceedings so as to dispose of cases upon their merits and without unreasonable delay, regarding mere technicalities as obstacles to be avoided rather than as principles to be given in derogation of substantial right. (*Roland v. Kreyenhagen,* 18 Cal. 455.)

Where the circumstances are such as to lead the court to hesitate, the doubt will be resolved in favor of the application, so as to secure a trial and judgment upon the merits. (*Wolff v. Canadian Pac. Ry.,* 89 Cal. 332.) The application was made within a reasonable time after the default; the plaintiff does not appear to have been at any great expense, and the terms imposed were for the purpose of preventing loss to the plaintiff. The plaintiff is deprived of no right, but yet has its day in court, and upon a trial on the merits we must presume that justice will be done. We therefore hold that there was not such abuse of discretion as would justify us in reversing the order.

It is, with apparent earnestness, contended that the affidavit of merits was not sufficient as to any of the defendants, and that there was no affidavit of merits as to the defendants other than the defendant corporation. The affidavit was made by the attorney for defendants, and stated: "Affiant further states that he is personally familiar with the facts relating to and

connected with the transactions and matters upon which this action is brought, and affiant verily believes that defendant, the Los Angeles Bill Posting Company, has a complete, full, meritorious, and legal defense to this action. And affiant, in support thereof, hereby offers in support of said claim the verified answer of defendants." The verified answer was served with the notice of motion and became a part of the moving papers. It contained specific denials of the material allegations of the complaint, and also affirmative matter which, if true, was a complete defense to the action. It was "duly verified," and was an answer for each and all the defendants. It was, therefore, of itself a sufficient affidavit of merit. (*Fulweiler v. Mining Co.*, 83 Cal. 126.)

The notice of motion did not state that defendants would ask for permission to file an answer, and the order made did not give such permission. For this reason, the claim is made that the order was erroneous, as it only inconveniences plaintiff, and does not give defendants any right to answer. If this contention is true, then the plaintiff is given one hundred and twenty-five dollars, and defendants have received no benefit, which would appear to be a costly experiment for defendants. But we do not think we are called upon to place such a narrow and technical construction upon the statute. The notice stated that it would be made "upon the affidavits and verified answer, copies of which are herewith served." The order setting aside the judgment directed that the cause be reopened, "and the parties thereto permitted to take such further proceedings in said cause as they may see fit and proper." The default and judgment being set aside, it follows that defendants had the right to answer. Whether this right be recognized by silence in allowing the answer on file to stand, or by a formal application to the court for leave to file, it can make no difference to plaintiff. If there were no answer on file at the time the order was made, and the defendants did not within proper time file or ask permission to file one, the plaintiff could have applied for default, and his rights would no doubt have been protected.

Objection is made to the one hundred and twenty-five dollars being paid to the clerk and not to plaintiff, as directed by the order. If this objection were plausible, plaintiff is not in a

position to urge it, for the reason that the attorneys for plaintiff, immediately after the money was paid to the clerk, notified the attorneys for the defendant that they would not accept it. In any event, if the terms of the order were not complied with, the remedy of the plaintiff would have been by motion in the lower court. We would not set aside the order without application first having been made to the lower court.

We advise that the order be affirmed.

Haynes, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.    Henshaw, J., Temple, J., McFarland, J.