[Civ. No. 443.    Second Appellate District.—January 2, 1908.]

SAN DIEGO REALTY COMPANY, Appellant, v. JOHN H.
McGINN et al., Defendants; LOU J. HEISLER, Respondent.

FORECLOSURE OF MORTGAGE—SERVICE UPON GRANTEE OF MORTGAGOR BY
PUBLICATION—SETTING ASIDE DEFAULT—PLEA OF STATUTE OF LIMI-
TATIONS.—In an action to foreclose a mortgage, where the grantee
of the mortgagor, whose deed was recorded before the commence-
ment of the action, was made a necessary party defendant, but was
served with summons only by publication as an alleged nonresident,
and her application to set aside the judgment by default, in order
to plead the statute of limitations as a defense to the action, was
timely, under section 473 of the Code of Civil Procedure, the court
properly allowed her application, upon an affidavit that she was at
all times a resident of the state, and had at no time been absent
therefrom more than three months, and the presentation of a verified
answer at the hearing setting up such defense.

ID.—AFFIDAVIT OF MERITS—VERIFIED ANSWER—PRESENTATION AT HEAR-
ING.—A verified answer setting up a sufficient defense is a sufficient
affidavit of merits, and where there is no rule of court to the con-
trary, such answer may be presented at the hearing of the applica-
tion to set aside the default.

APPEAL from an order of the Superior Court of San Diego
County, setting aside a judgment by default.    N. H. Conklin,
Judge.

The facts are stated in the opinion of the court.

Collier, Smith & Hoff, for Appellant.

The statute of limitations is not an answer to the merits.
(*People* v. *Rains,* 23 Cal. 127; *Carr* v. *Dawes,* 46 Mo. App.
351; *Marx* v. *Hilsendegen,* 46 Mich. 338, 9 N. W. 439; *State*
v. *Jennings,* 10 Ark. 428; *Thompson* v. *Applick,* 2 Cranch,
C. C. 46, Fed. Cas. No. 13,939; *Reed* v. *Clark,* 3 McLean, 480,
Fed. Cas. No. 11,643.)

Mills & Hizer, for Respondent.

A grantee of the mortgagor has the right to plead the
statute of limitations.    (*McCarthy* v. *White,* 21 Cal. 495,
82 Am. Dec. 754; *Barler* v. *Babel,* 36 Cal. 11; *Wood* v. *Good-*

*fellow,* 43 Cal. 185; *Cal. Bank* v. *Brooks,* 126 Cal. 19, 59 Pac. 302; *Brandenstein* v. *Johnson,* 140 Cal. 31, 73 Pac. 744; *Frates* v. *Sears,* 144 Cal. 249, 77 Pac. 905; *Ward* v. *DeOca,* 120 Cal. 102, 52 Pac. 13.)    Under the statute applicable here, it is sufficient that a legal defense be shown by the grantee of the mortgagor, who was not personally liable as such.

ALLEN, P. J.—Appeal from order setting aside the default of respondent Heisler and permitting the filing of an answer to the merits of the action, from which order plaintiff appeals.

The action was brought to foreclose a mortgage executed by defendant McGinn on June 27, 1894, to secure certain promissory notes and interest coupons attached.    The complaint, which was filed July 5, 1905, averred that all of the defendants other than the mortgagor, including respondent, claimed some interest in the premises as purchaser, etc., but that the same were subordinate to the said mortgage.    Further, that all of said defendants are nonresidents and none of them have been within the state of California since the execution and recordation of such mortgage.    An affidavit to obtain an order for publication of summons was filed, in which it was averred that respondent was a resident of Cook county, Illinois, and that her postoffice address is Chicago, in said county.    An order for publication was made and the summons duly published.    An affidavit showing that a copy of the complaint and summons was mailed to the respondent at Chicago, Illinois, was also filed.    Thereupon, on November 9, 1905, the clerk entered the default of defendants, and on the same day a decree of foreclosure was entered.    Thereafter, on August 9, 1906, respondent served upon plaintiff a notice that, upon an affidavit, a copy of which was served therewith, she would move the court on a day named to set aside such judgment and all subsequent proceedings, and for leave to answer upon the merits, and that said motion would be heard upon an affidavit, the files of the case, and a verified answer of defendant, to be exhibited on the hearing of said motion.    Respondent at the hearing of said motion, in support thereof, offered an affidavit, attached to notice, which showed that she was at the date thereof, and had been at all times since January, 1894, a resi-

dent of California, and that she had not during said time been absent from the state more than three months. The verified answer produced upon the hearing alleged her residence as in the affidavit stated, and, further, that the mortgagor conveyed to her the premises described, in December, 1894, and such deed was duly entered of record in San Diego county in February, 1895; that she had continuously since that date been in possession of the said premises and now owned and was in possession of the same. She further averred that plaintiff's action was, at its commencement, barred by sections 337, 339 and 343 of the Code of Civil Procedure.

The court upon the hearing of said motion granted the same upon condition of the payment of $20 as her costs therein, which sum was paid by respondent, and such answer filed.

The deed under which respondent claimed title being recorded before maturity of the note determines her right to be a party, and her right to plead the statute in defense. (*Filipini* v. *Trobock,* 134 Cal. 446, [66 Pac. 587].) The answer containing matter constituting a defense was, of itself, an affidavit of merits. (*Merchants' etc. Co.* v. *Los Angeles etc. Co.,* 128 Cal. 622, [61 Pac. 277].) "Statutes of limitation have become rules of property, . . . and are favored in law." (*Nichols* v. *Randall,* 136 Cal. 432, [89 Am. St. Rep. 153, 69 Pac. 26].) It being made to appear to the court that a necessary party, and one without whose presence a decree of foreclosure could not be entered, had not been personally served with process, and that her application to be heard in her defense was timely, and that she had such a defense as would bar recovery if filed within time allowed after due service, the court very properly, under the authority of section 473 of the Code of Civil Procedure, made the order of which complaint is made. It is insisted, however, by appellant that a rule of court was violated at the hearing. This is not made to appear. The record discloses that on August 9th notice of the motion, to which was attached the affidavit of respondent to be used on the hearing, was served upon plaintiff. The rule of court invoked does not require service before presentation of the pleadings which are to be used on the hearing, even should such pleadings serve as an affidavit of merits.

We find no error in the record, and the order is affirmed.

Shaw, J., and Taggart, J., concurred.