[No. 2160]

### BANK OF ITALY (A CORPORATION), APPELLANT, v. C. P. BURNS AND A. A. BURKE, AS SHERIFF OF WASHOE COUNTY, STATE OF NEVADA, RESPONDENTS.

[150 Pac. 249]

1. APPEAL AND ERROR—LATE FILING BELOW OF STATEMENT—APPLI-CATION FOR REFILING—AFFIDAVIT OF MERITS.

   Where plaintiff made a late filing below of its statement on appeal, its complaint and the reply, denying the affirmative matter in the answer, having been verified, its application for relief from the default should not have been denied merely for failure to file an affidavit of merits, since the trial court, to which the application was made, had the pleadings before it and had heard the evidence, and so could consider them in determining the question of the merits of the appeal.

2. APPEAL AND ERROR—LATE FILING OF STATEMENT BELOW—ENTRY OF DEFAULT—APPLICATION FOR RELIEF.

   In considering an application for relief from the entry of a default for late filing below of a statement on appeal, the trial court should grant the relief sought in a case of doubt.

APPEAL from Second Judicial District Court, Washoe County; A. N. Salisbury, Judge.

Action by the Bank of Italy against C. P. Burns and A. A. Burke, as Sheriff of Washoe County. Judgment for defendants, and plaintiff, appealing from denial of its motion for new trial, made late filing of its statement in the trial court. Defendants' motion to strike the statement from the files was granted, and plaintiff appeals from an order denying an application that the matter be reopened, and that it be permitted to refile its statement. **Reversed,** with directions.

*Mack & Green,* for Appellant:

No affidavit of merits was required in the lower court in support of appellant's motion to be relieved from its default. (*Sherman* v. *Southern Pacific Co.*, 31 Nev. 285.)

It is universally held that where there is any doubt as to whether or not the relief should be granted, that doubt should be resolved in favor of the relief. (*Banta* v. *Siller*, 121 Cal. 414; 53 Pac. 935; *Vinson* v. *L. A. P. R. R. Co.*, 147 Cal. 479, 82 Pac. 53; *Watson* v. *R. R. Co.*, 41 Cal. 20; *Sherman* v. *S. P. Co.*, 31 Nev. 285; *Melde* v. *Reynolds*, 129 Cal. 308.)

*Dodge & Barry*, for Respondents:

The opening or refusing to open a default is a matter of discretion in the court. (23 Cyc. 895b.)

The court had no authority to open the default or to relieve appellant from its negligence and inadvertence, because of the failure of appellant to present and file an affidavit of merits. (*Erving* v. *Napa Valley B. Co.*, 16 Cal. App. 41; *Estate of Keating*, 158 Cal. 109.)

By the Court, COLEMAN, J.:

Appellant, who was plaintiff in the trial court, brought suit in the district court of Washoe County to recover possession of an automobile truck. Upon the trial before the court without a jury judgment was rendered in favor of the defendants. A motion for a new trial was regularly made, and denied by the court. Appellant gave notice of appeal to this court. The time in which to file a statement on appeal in the lower court expired on September 22, 1914, and the statement was filed on September 23. A motion was made by the respondents to strike the statement from the files because it had not been filed in time, which motion was granted by the court. Thereafter appellant made application to the trial court, under section 5084, Revised Laws, to open up the matter and to be permitted to refile its statement, on the grounds of excusable neglect and inadvertence. In support of the application affidavits were filed by C. E. Mack and F. D. King, neither of which was controverted. From the affidavit of Judge Mack it appears that he was the only attorney for plaintiff who was sufficiently familiar with the facts of the case to prepare a statement on appeal,

and that on account of sickness he was unable to prepare
the statement in time to file it on September 22, 1914;
that on that day he applied to Mr. Dodge, of the firm of
Dodge & Barry, who were attorneys for the respondents,
for a stipulation extending the time in which to file the
statement, but that he was informed that Mr. Barry was
away from home, and that he (Dodge) would not sign
a stipulation extending said time, but that, if plaintiff
needed a day or two extra time, it might have the same,
and that respondents would not take advantage of the
default.

The affidavit also shows that on the same day, about 3
p. m., Judge Mack went to the courthouse to get an order
from Judge Moran, before whom the case was tried,
extending the time, but, failing to find him at the court-
house, he went down the street, and came upon him in
conversation with F. D. King, Esq., when he told Judge
Moran, in the presence of Mr. King, that he had been
sick, and that his work had fallen behind, and that he
was the only attorney who knew enough about the case
to prepare the statement, and that that was the last day
upon which the statement could be filed, and asked him
to go to the courthouse with him and make an order
extending the time five days for the filing of the same.

The affidavit also recites that Judge Moran stated that
plaintiff might have additional time, but that it was not
necessary for them to go to the courthouse at that time,
and that he (Judge Moran) would later in the day attend
to the matter, and that affiant understood the said Moran
to mean that he would later in the day make and enter
an order in said cause extending for five days the time
within which appellant might file and serve a statement
on appeal.

The affidavit of King was substantially the same as
the one made by Mack, except that he said that Mr.
Mack stated to Judge Moran that the time within which
to file the statement would expire on the following day
(September 23), and that Judge Moran said he would fix
it "in the morning."

Judge Moran did not make an affidavit, but it appears that on the 29th day of September the appellant filed an order under date of September 22, 1914, signed by Judge Moran, which purported to give appellant five days' additional time. We think this a circumstance corroborating Judge Mack's statement, for it is evident Judge Moran would not have dated the order as of the 22d if he had not understood that that was the day he was to have made it. It also appears from the affidavit of Judge Mack that at the time the statement on appeal was filed on September 23 he believed that Judge Moran had made the order on September 22, extending the time for filing and serving the statement.

No counter affidavits were filed by respondents, and the only objection which they made to the granting of the order sought was that there was no showing of merits on the part of appellant. Judge Salisbury, who heard the matter on the application to set aside the default and grant further time to appellant in which to file its statement on appeal, was of the opinion that respondents' objection was not well taken, but denied the application on the ground that there was no showing that the appeal which appellant desired to take was to be taken in good faith and not merely for delay.

In this court respondents renew the objection made in the court below that there was no showing of merits, and hence no prejudice was done appellant by the order of the trial court.

This court held in *Sherman* v. *Southern Pacific Co.*, 31 Nev. 285, 102 Pac. 257, that a default for failure to file and serve a statement on appeal in time might be set aside upon a showing; and, since respondents do not contend that a sufficient showing was not made in the court below of excusable neglect and inadvertence, but simply that there was no showing of merits, we will proceed upon the theory that the showing of excusable neglect and inadvertence was sufficient, and consider only the question of the lack of a showing of merits, and the question of lack of showing that the appeal was sought to be taken

in good faith, and not for delay merely, suggested by the lower court, upon which the application was denied.

[1] In support of the contention that the failure to make a showing of merits is fatal to the application, counsel for respondents have cited *Estate of Keating*, 158 Cal. 109, 110 Pac. 109, and the case of *Erving* v. *Napa Brewing Co.*, 16 Cal. App. 41, 116 Pac. 331. Those were cases in which applications were made in the appellate court to be relieved from default for failing to take certain necessary steps to perfect an appeal in the appellate court, and where there was nothing before the court which could be considered upon the question of merits. This is not a similar situation. In the case at bar the application for relief was made in the court where the trial had been had, and where the complaint of appellant and other pleadings were filed, and where the evidence was heard, all of which were available for consideration by the court. In the case of *Melde* v. *Reynolds*, 129 Cal. 308, 61 Pac. 932, where an application was made in the trial court for an order for relief against a judgment, it is said:

"An affidavit of merits made by the defendant in person is not a jurisdictional element for granting relief under this section, and in a case like the present may be dispensed with if the court is otherwise satisfied that the application is meritorious and is made in good faith, and not merely for delay. The verified answer of the defendant contradicting all the averments of the complaint was on file, and could be considered by the court for the purpose of determining this fact. See *Fulweiler* v. *Mining Co.*, 83 Cal. 126, 23 Pac. 65; *Merchants' Ad-Sign Co.* v. *Los Angeles Bill-Posting Co.*, 128 Cal. 619, 61 Pac. 277. The court had before it also the affidavit of Mr. Murasky, and, in addition thereto, could take into consideration the evidence that had been presented on behalf of the plaintiff at the time the judgment was rendered. Under these circumstances, it was authorized to hold that a further affidavit from the defendant was not necessary."

The situation in the case just quoted from was more nearly the one at bar than the ones cited by counsel for respondents, and we think the logic of it more applicable.

A verified answer containing matter constituting a defense was, of itself, an affidavit of merit. (*San Diego Realty Co.* v. *McGinn,* 7 Cal. App. 264, 94 Pac. 376; *Fulweiler* v. *Hog's Back Con. Min. Co.*, 83 Cal. 126, 23 Pac. 65; *Merchants' Ad-Sign Co.* v. *Los Angeles Bill P. Co.*, 128 Cal. 619, 61 Pac. 277.) In the case at bar plaintiff filed not only a verified complaint, but filed also a verified reply denying the affirmative matter pleaded in defendants' answer.

The language of the court in the Melde case, *supra,* where it was said, "If it [the trial court] had deemed a further affidavit requisite, or if the plaintiff had made objection to the application on this ground [lack of showing of merits], it should have continued the hearing a sufficient time to enable it to be procured," is of peculiar application to the case at bar, since the application was denied upon a ground not urged by counsel for respondents.

[2] While no doubt exists in our minds as to what should have been the order of the court, it may not be out of place for us to say that, in considering an application for relief from the entry of a default, we believe that it is the better practice, in a case of doubt, for the court to grant the relief sought. (*Banta* v. *Siller,* 121 Cal. 414, 53 Pac. 935; *Vinson* v. *L. A. P. R. R. Co.*, 147 Cal. 479, 82 Pac. 53; *Sherman* v. *Southern Pacific Co.*, 31 Nev. 292, 102 Pac. 257.)

Under all the circumstances in this case, we feel that the trial court should have granted the application.

It is the order of the court that the order appealed from be reversed, and the trial court is directed to enter an order setting aside plaintiff's default and allowing reasonable time to plaintiff in which to file and serve its statement on appeal.