[Civ. No. 4756. First Appellate District, Division One.—February 18, 1925.]

## C. G. EBERHART, Appellant, v. A. J. SALAZAR et al., Respondents.

[1] DEFAULT — FILING OF AMENDED ANSWER AFTER EXPIRATION OF TIME ALLOWED—RECORDS—AFFIDAVIT OF MERITS UNNECESSARY.— No affidavit of merits was necessary to support an order setting aside defendants' default for failure to file an amended answer within the time allowed therefor, where within two days after the default judgment had been entered the amended answer, duly verified by one of the defendants, and setting forth the defense to the cause of action alleged in the complaint, was filed in the office of the county clerk, and constituted a part of the record and files in the case when the motion to vacate the default was served and presented.

[2] ID.—NOTICE OF MOTION—PLEADING—AFFIDAVIT OF MERITS—SERVICE.—The fact, if it be a fact, that a copy of the amended answer was not served upon the plaintiff nor produced in court at the time of the hearing of the motion to vacate the default did not make an affidavit of merits necessary, where the defendants' notice of motion to vacate the default stated that said motion would be made on said notice "and on the entire record in the action, the minutes of the clerk, the files, and records and pleadings," and defendants' amended answer, was, before service of such notice, a part of the records and files in the action, with which plaintiff was charged with notice, and was, therefore, available as an affidavit showing a meritorious defense.

[3] ID.—AFFIDAVITS—EVIDENCE.—The facts averred in the affidavit of defendants' attorney showing that the amended answer was mailed to the county clerk on the last day of the period allowed for filing the amended answer, at a place thirty-five miles distant from the city where the county clerk was, that between said places there was a regular communication by mail, and that said amended answer was filed by the county clerk on the second day after default judgment had been entered, justified the trial court in vacating the default.

   (1) 34 **C. J.,** p. 428, n. 66.   (2) 34 **C. J.,** p. 351, n. 36.   (3) 4 **C. J.,** p. 840, n. 33; 34 **C. J.,** p. 429, n. 79.

APPEAL from an order of the Superior Court of Contra Costa County setting aside a default judgment. A. B. McKenzie, Judge. Affirmed.

1. See 14 Cal. Jur. 1057–1059.

The facts are stated in the opinion of the court.

Royle A. Carter for Appellant.

Raine Ewell for Respondents.

KNIGHT, J.—This is plaintiff's appeal from an order vacating and setting aside a default judgment in an action wherein defendants failed to file their amended answer within the time fixed by the order of court, after a demurrer to the original answer had been sustained.

The record discloses that the court by *ex parte* order had extended defendants' time to file said amended pleading until and including Friday, March 30, 1923. On the day following, Saturday, March 31, 1923, the amended pleading, not then having been filed, the clerk of said court, at plaintiff's request, entered judgment by default against said defendants. On April 11, 1923, defendants served notice of motion to set aside said default judgment, and pursuant to an order shortening time, said motion was heard on April 13, 1923, and, on May 8, 1923, was granted.

It appears from the affidavit presented in support of defendants' motion to vacate said default judgment that said amended pleading was mailed in San Francisco on March 30, 1923, by defendants' attorney to the county clerk of Contra Costa County, at Martinez, and it is averred in said affidavit that the distance from San Francisco to Martinez is thirty-five miles and that between the places there is a regular communication by mail. The exact time said amended pleading arrived in Martinez is not shown, but it positively appears that, notwithstanding the entry of said default judgment on Saturday, March 31, 1923, said amended pleading was filed by the county clerk on Monday, April 2, 1923, and that the same thereafter continued to remain a part of the files in the action. Such fact is established by the duly authenticated amendment to the record brought up on a motion for diminution thereof.

Appellant's first contention on this appeal is that the order appealed from was based upon a defective affidavit of merits in that said affidavit was made by the attorney for defendants, and not by the defendants themselves; that no

reason was given therein why said affidavit was not made by one of the parties; that it contained no averment that said attorney was familiar with the facts, and that the statement made therein that "the defendants have a good and sufficient defense on the merits to said action" was insufficient.

[1] We think that appellant's contention cannot be sustained, for the reason that it clearly appears from the record that on Monday, April 2, 1923, within two days after the default judgment had been entered, said amended pleading, duly verified by one of the defendants, and setting forth the defense to the cause of action alleged in the complaint, was filed in the office of the county clerk, and constituted a part of the record and files in the case when the motion to vacate the default was served and presented. Therefore, no affidavit of merits was necessary. (*Savage* v. *Smith,* 170 Cal. 472 [150 Pac. 353]; *Melde* v. *Reynolds,* 129 Cal. 308 [61 Pac. 932]; *Fulweiler* v. *Mining Co.,* 83 Cal. 126 [23 Pac. 65]; *San Diego Realty Co.* v. *McGuire,* 7 Cal. App. 264 [94 Pac. 374].) [2] The fact, if it be a fact, that a copy of said amended answer was not served upon appellant nor produced in court on April 11, 1923, at the time of the hearing of said motion, does not alter the situation. Respondents' notice of motion stated that said motion would be made on said notice "and on the entire record in the action, the minutes of the clerk, the files, and records and pleadings." As above pointed out, on April 2, 1923, said amended answer became and thereafter continued to be a part of the records and files in the action, with which appellant was charged with notice, and was available as an affidavit showing a meritorious defense. (*Reher* v. *Reed,* 166 Cal. 525 [Ann. Cas. 1915C, 737, 137 Pac. 263]; *Savage* v. *Smith, supra.*)

[3] Appellant's second point is that the facts averred in said affidavit were not such as to show excusable neglect on the part of defendants. In *Savage* v. *Smith, supra,* it was said: "As we have recently had occasion to say: 'The law governing this class of cases is so well settled and has been so often declared in the decision of this court that we may dispense with the citation of authorities. An application to be relieved from a default under section 473 of the Code of Civil Procedure is addressed to the sound dis-

cretion of the trial court and the action of that court will not be set aside on appeal unless an abuse of discretion clearly appears. Any doubt that may exist should be resolved in favor of the application to the end of securing a trial upon the merits.' (*Jurgins* v. *Schenck*, 162 Cal. 747 [124 Pac. 426].)''

We are satisfied that the facts averred in the affidavit fully justified the court in vacating the default.

The order appealed from is, therefore, affirmed.

Tyler, P. J., and St. Sure, J., concurred.