[Civ. No. 8620.   Second Appellate District, Division Two.—September 12, 1934.]

JAMES A. CLAY & CO. (a Corporation), Respondent, v. MILTON SHAFER, Appellant.

William G. Kenney and John E. Glover for Appellant.

Wilbert C. Hamilton for Respondent.

SCOTT, J., pro tem.—Plaintiff brought this action against defendant Shafer and others for money paid to them for bonds which were alleged to be false, fraudulent and worthless. No appearance being made within the statutory time after service of summons, the default of defendant Shafer was entered. Upon his motion, accompanied by proposed

answer, the lower court set aside the default. Thereafter no answer was filed and at the expiration of four weeks the court ordered default of said defendant. The latter again moved to set aside the default and the motion was granted on conditions with which said defendant has not complied. From judgment entered on the second default he has appealed.

Appellant's sole contention is that the second default was illegal and void, that because he had filed a proposed verified answer at the time he filed his motion to set aside the first default he was not required to file another answer, and that the court could not legally enter a second default under the circumstances. The two following cases cited by appellant do not support this contention.

In *Merchants' Ad-Sign Co.* v. *Los Angeles Bill Posting Co.*, 128 Cal. 619 [61 Pac. 277], the question before the court was whether the defendants had the right to answer as a necessary consequence of the order setting aside their default and the court held that they did. In *Berry* v. *Crowell*, 55 Cal. App. 534 [203 Pac. 835], the court merely said that the clerk should not have entered a second default ''in the face of a plain record showing an answer on file'', but it is not intimated that the answer was not properly filed following the order setting aside the first default. As the court stated in the latter case: ''It has been held so often that the matter of setting aside defaults rests within the sound discretion of a trial judge that we need not refer to the cases.''

No abuse of discretion having been shown in this case, the judgment is affirmed.

Craig, Acting P. J., and Desmond, J., concurred.