[Civ. No. 18560.   Second Dist., Div. Three.   Mar. 27, 1952.]

JOHN E. MILLER, Appellant, v. ROSS W. CORTESE et al., Defendants; CELIA A. DINOW, as Administratrix, etc., Respondent.

Jerrell Babb for Appellant.

Benjamin J. Goodman and T. B. Knight for Respondent.

WOOD (Parker), J.—Appeal from an order setting aside a default and the judgment entered thereon, and from an order refusing to vacate the order setting aside the default and judgment.

This action to recover $20,000 as a real estate broker's commission was commenced on July 1, 1948. Plaintiff is the assignee of the broker, Alden B. Coyne. The defendants named in the complaint were Ross W. Cortese, M. H. Bershin, Doe One, Doe Two and Doe Three. A return of service of summons and complaint shows that the summons and complaint were served on "Mike E Dinow, sued herein as Doe One," on August 31, 1948. On September 16, 1948, an amendment to the complaint was filed naming Mike E. Dinow as

defendant in place of Doe One. On September 17, 1948, the plaintiff caused the default of Dinow to be entered. On September 23, 1948, plaintiff dismissed the action as to defendants Cortese and Bershin. On October 11, 1948, a default judgment for the amount prayed for was entered. On November 15, 1948, Dinow filed a notice of motion to set aside the entry of default and the default judgment, and in support of said motion he filed his affidavit, an affidavit of his attorney, Louis Warren, and an affidavit of Bershin. Also on November 15, 1948, Dinow filed his verified answer in which he denied the material allegations of the complaint. At the time of filing said documents (said November 15th), Dinow paid the county clerk's filing fee of $5.00. The answer was not attached to the notice of motion but was a document separate therefrom. The filing stamp of the county clerk, appearing on the front page of the answer, states in part: "Filed Nov 15 1948." Another stamp of the county clerk, also appearing on the front page of the answer, states: "Paid Nov 15 1948 W. G. Sharp County Clerk 5." The register of actions in the county clerk's office shows, with respect to the filing of the answer, as follows: "1948 Nov. 15 Ans. of deft. Mike E Dinow to comp. filed Louis Warren 5-." On November 30, 1948, Dinow filed an amended notice of motion to set aside the entry of default and the default judgment, which notice stated that the motion would be made upon the grounds of mistake, inadvertence, surprise and excusable neglect. The notice also stated that the amended motion would be based upon Dinow's answer which had been served and filed. (The answer was filed at the time the original notice of motion was filed.) On December 2, 1948, the "Amended motion" to vacate the entry of default and the default judgment was granted. The minute entry on said date states in part: "Amended motion is granted." No order was made as to whether Dinow should file another answer after the amended motion was granted or as to whether his answer which had been filed should stand as his answer. Dinow did not file another answer. Plaintiff appealed from said order granting said amended motion. On April 27, 1949, while plaintiff's appeal was pending, plaintiff filed another request for entry of default of defendant, stating in said request that no stipulation or order had been made that the "proposed pleading" filed with said motion should be considered the answer of defendant Dinow. A default was not entered upon that request. The order appealed from was affirmed (*Miller* v. *Cor-*

*tese,* 94 Cal.App.2d 848 [211 P.2d 602]), and the remittitur was filed on January 31, 1950.

On February 10, 1950, plaintiff filed another request for entry of default of defendant, and on that same date the default of defendant was entered by the clerk. On August 21, 1950, judgment upon said default was entered by the clerk. Three days thereafter plaintiff caused a writ of execution to be issued, and the writ was returned unsatisfied on September 6, 1950. On the following day plaintiff caused a second writ of execution to be issued, and caused an order to be served upon the judgment debtor Dinow for his appearance on supplementary proceedings. On September 12th defendant filed a notice of motion to set aside said entry of default and said default judgment. The notice also stated that a motion would be made for an order that the answer of Dinow on file therein be deemed his answer. The motion was made upon the grounds of mistake, inadvertence, surprise and excusable neglect, and that the purported entry of default was void. On September 18, 1950, the motion was granted. On November 8, 1950, plaintiff appealed from that order, and also from an order refusing to vacate that order. Defendant Mike E. Dinow died on November 16, 1950, and Celia A. Dinow, administratrix of his estate, was substituted as defendant.

Appellant contends that the court had no jurisdiction to vacate the entry of default after the expiration of six months from the date of the entry of default. As above shown, the motion to vacate the default was made more than six months after the default was entered (default entered February 10, 1950, and motion filed September 18, 1950). Section 473 of the Code of Civil Procedure provides, in part, that a court may relieve a party "from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. Application for such relief . . . must be made within a reasonable time, in no case exceeding six months, after such judgment, order or proceeding was taken." As above shown, the motion for relief from default was made not only upon the grounds of mistake, inadvertence, surprise and excusable neglect (under Code Civ. Proc., § 473), but also upon the ground that the entry of the default by the clerk was void. Respondent (defendant) contends that the entry of the default by the clerk was void for the reason that the verified answer of defendant

was on file at the time the clerk entered the default. She argues that the entry of the default by the clerk, under the circumstances herein wherein an answer was on file, was not a ministerial act which the clerk could perform but it was a judicial act which was in excess of the power conferred by statute on the clerk; and that, under such circumstances, the limitation of six months stated in said section 473, as the time within which relief from default may be granted, is not applicable. As above shown, the answer was a document separate from the motion to vacate default. The county clerk's filing stamp, and his stamp and writing showing that the filing fee of $5.00 was paid, appear on the answer which is in the original file in the clerk's office. Upon the register of actions there is an individual item or separate entry showing that Dinow's answer was filed on November 15, 1948, by Louis Warren and that a fee of $5.00 was paid. It thus appears that when the request for entry of default by clerk was made on February 10, 1950, the file in the action and the register of actions showed that Dinow's answer was on file. The answer was captioned or titled "Answer to Complaint by Mike E. Dinow." It was not labeled a proposed answer, and the register of actions did not recite that it was a proposed answer. There was nothing in the minutes or other record as to whether or not the judge ordered, or intended to order, that the answer on file should stand as the answer of said defendant. In *Merchants' Ad-Sign Co.* v. *Los Angeles etc. Co.*, 128 Cal. 619 [61 P. 277], the court made an order vacating the default of defendants and setting aside the judgment. Plaintiff therein claimed that the order was erroneous, in that the notice of motion did not state that defendants would ask for permission to file an answer and that the order did not give such permission. The court therein held that the defendant had a right to answer, and it stated at page 622: "Whether this right be recognized by silence in allowing the *answer on file to stand,* or by a formal application to the court for leave to file, it can make no difference to plaintiff. *If there were no answer on file at the time the order was made,* and the defendants did not within proper time file or ask permission to file one, the plaintiff could have applied for default, and his rights would no doubt have been protected." (Italics added.) The answer in the present case was on file, and the clerk was not authorized to decide whether or not it had been filed properly or whether or not it should stand, or be regarded, as the answer of defendant after relief from default

had been granted. The question as to the propriety of filing the answer in the first instance, or as to the sufficiency or legal effect of the answer on file was for the determination of the court. The provisions of section 473 of the Code of Civil Procedure, which limit the power of the court to relieve a party from his default to a period of not exceeding six months from the entry of the default, have no application ''where a clerk exceeds the limited power conferred upon him by statute, in which event the clerk's action is a nullity and open to attack at any time.'' (*Crofton* v. *Young*, 48 Cal.App.2d 452 457 [119 P.2d 1003].) The clerk, in entering the default in the present case, exceeded the power conferred upon him by statute, and his action in entering the default was void.

The case of *James A. Clay & Co.* v. *Shafer*, 140 Cal.App. 625 [35 P.2d 572], cited by appellant, is distinguishable from the present case in that the default therein was ordered by the court.

Although the order in the present case granting relief from the default did not state whether the answer on file should stand in lieu of filing another answer, it appears that the defendant and his attorney (Mr. Knight) believed that the answer on file was deemed by the parties to be the answer of defendant. After the remittitur in the first appeal was filed, the attorney for plaintiff asked the attorney for defendant if he would permit plaintiff to pay the costs on appeal in installments, and the request was granted. During the six months following the entry of the default on February 10, 1950, the attorneys for the parties had various telephone conversations regarding the merits of the case. On one of those occasions, about two months before judgment was entered upon the default, the attorney for defendant gave the attorney for plaintiff certain information regarding evidence on behalf of defendant. The attorney for plaintiff said that he would check into the matter. The attorney for the defendant heard nothing further about this from the attorney for plaintiff. The default judgment was entered about ten days after the expiration of the six months.

The orders are affirmed.

Shinn, P. J., and Vallée, J., concurred.

A petition for a rehearing was denied April 8, 1952, and appellant's petition for a hearing by the Supreme Court was denied May 22, 1952.