[Civ. No. 9314.   Fourth Dist., Div. One.   July 23, 1969.]

H & H INVESTMENT CO., INC., Plaintiffs, Cross-defendants and Appellants, v. T-J CONSTRUCTION COMPANY et al., Defendants, Cross-complainants and Respondents.

Webb & Webb, James C. Webb and John A. Webb for Plaintiffs, Cross-defendants and Appellants.

Harvey Strassman and Wayne Gorham for Defendants, Cross-complainants and Respondents.

AULT, J. pro tem.*—Plaintiffs appeal from an order setting aside a default and default judgment quieting title to two parcels of real property as against the defendants T-J Construction Company (T-J) and Joseph Olivia (Olivia).

Plaintiffs filed their action in the Superior Court of Orange County on December 13, 1966; served summons and complaint on both T-J and Olivia outside of Orange County on December 18, 1966; agreed in writing with the attorney representing T-J and Olivia he could "have an additional thirty (30) days in which to plead"; requested and had default entered by the clerk on February 9, 1967, contrary to the agreement; thereafter treated the cause as being at issue in all dealings with the attorney representing T-J and Olivia, after the latter had served their answer and cross-complaint on February 15, 1967 (within the agreed time to plead), and filed them on February 20, 1967.

Plaintiffs' attorney concealed the clerk's entry of default; assured counsel for the defendants during settlement negotiations there were no time problems regarding responsive pleadings; tendered a stipulated waiver of pretrial; attended and participated in pretrial and trial setting proceedings; but at no time informed either the court or opposing counsel a default had been entered.

On November 3, 1967, at a trial setting conference, the court set the case for trial on February 20, 1968. Counsel for T-J and Olivia served notice of trial on plaintiffs' attorney November 6, 1967. Two days later plaintiffs requested and were granted a hearing on their default. Judgment by default was ordered on December 15, 1967 and entered January 5, 1968. The judgment, prepared by plaintiffs' attorney, recites:

"No answer or demurrer having been filed, and no appearance made within the time provided by law, *or permission* . . ." [Italics added.]

T-J and Olivia moved for and were granted an order setting aside the default and default judgment. The court ordered the answer and cross-complaint filed as of February 20, 1967, the date they were originally accepted by the clerk.

---

*Assigned by the Chairman of the Judicial Council.

█ Plaintiffs first claim the order vacating the default and default judgment was beyond the power of the court because the motion to set aside was filed more than six months after the default was entered, citing Code of Civil Procedure, section 473. The motion was not made under that code section, but was grounded on plaintiffs' extrinsic fraud in taking a default when they had agreed not to and in concealing that fact from defendants. Such a motion is addressed to the court's inherent power to vacate judgments obtained by extrinsic fraud and the six months limitation contained in Code of Civil Procedure, section 473 is not applicable. (*McGuinness* v. *Superior Court,* 196 Cal.222, 231-232 [237 P. 42, 40 A.L.R. 1110]; *Evry* v. *Tremble,* 154 Cal.App.2d 444, 447-448 [316 P.2d 49]; *Watson* v. *Watson,* 161 Cal.App.2d 35, 39 [325 P.2d 1011].) The affidavit supporting the motion to vacate and the files and records upon which the motion was also based, fully support the trial court's implied finding the default was obtained through extrinsic fraud. █ "Where a judgment is taken against a defendant in violation of an agreement between the parties it amounts to an extrinsic fraud upon the defendant which will support an order vacating the judgment." (*Johnson* v. *Johnson,* 81 Cal.App.2d 686, 687-688 [185 P.2d 49].)

█ Plaintiffs also contend the extension of time to plead was for 30 days from December 29, 1966, the date the agreement was signed. The agreement provided defendants were to "have an additional thirty (30) days in which to plead." The trial court construed this to mean 30 days beyond the time defendants were otherwise required to answer. That construction is supported by reason and logic and we are not disposed to disagree with it, particularly in view of plaintiffs' later concealment from the court and counsel of the fact the default had been taken. Under the agreement defendants had until February 17, 1967, to plead to the complaint. The default taken on February 9, 1967, was premature and in violation of the written agreement.

█ Plaintiffs claim, without citing authority, defendants did not have 30 days in which to answer because they made a voluntary appearance in the action on December 21, 1966, when they obtained an order shortening time in connection with two depositions. The time to answer was fixed by service of process on the defendants outside of the county in which the action was filed. Code of Civil Procedure, section 407 subdivision 3 establishes that time to be 30 days after service of

process. The contention the time to answer was shortened by defendants' appearance to obtain an order shortening time re depositions is without merit.

Plaintiffs further contend the motion to vacate should not have been granted because it was not accompanied by an affidavit of merits. A few days after their default was taken defendants served and filed their verified answer and cross-complaint. Whether properly filed or not, they were part of the record before the court on the motion. The declaration of defendants' attorney in support of the motion stated: "The Defendants have a good and substantial defense on the merits as more fully appears in their Answer filed with this Court in February 1967." Under such circumstances no affidavit of merits was necessary. (*Eberhart* v. *Salazar,* 71 Cal.App. 336, 337-338 [235 P. 86]; *Savage* v. *Smith,* 170 Cal. 472, 474 [150 P. 353].)

Finally, plaintiffs claim they were deprived of a fair hearing on the motion to vacate because one of their attorneys was otherwise engaged on the date of the hearing and could not be present. A partner in the law firm which represented plaintiffs appeared at the hearing. He was familiar with the case and had participated in earlier proceedings. Their counsel filed an extensive affidavit in opposition to the motion. The matters plaintiffs contend their attorney knew were covered in the affidavit. The trial court did not abuse its discretion in denying a continuance.

The defendants also obtained entry of default on the cross-complaint on April 17, 1967, a time when their answer and cross-complaint were not properly on file. The court's order dated January 25, 1968, not only vacated the default on the complaint, but ordered the answer and cross-complaint filed as of February 20, 1967. The effect of the *nunc pro tunc* feature of the order is to validate the default on the cross-complaint which was not valid at the time it was taken and to preclude plaintiffs and cross-defendants from responding to the cross-complaint or from moving to set aside the default under Code of Civil Procedure, section 473. Antedating through the *nunc pro tunc* procedure to avoid injustice is proper, but the device should not be used to cut off rights which have accrued in the interim. (*Phillips* v. *Phillips,* 41 Cal.2d 869, 875 [264 P.2d 926]; *Jonson* v. *Weinstein,* 249 Cal.App.2d 954, 959 [58 Cal.Rptr. 32].) In any event no reason has been shown why the answer and cross-complaint should not have been ordered filed as of the date the order

was made. Under that circumstance it would clearly appear the clerk's entries of default upon the cross-complaint before either the answer or cross-complaint were properly filed were invalid. We point out in this connection other cross-defendants, not parties to this appeal, were defaulted at a time when the cross-complaint was not properly filed.

The order dated January 25, 1968, is modified by striking therefrom the words, "as of February 20, 1967, the date of original filing." The trial court is instructed to order the clerk's entry of default on the cross-complaint as against appellants, vacated, and to permit appellants to plead to the cross-complaint within ten (10) days from the date the remittitur is filed.

As modified the order is affirmed. Defendants and respondents to recover costs on appeal.

Brown (Gerald), P. J., and Coughlin, J., concurred.