[Civ. No. 11360. Third Dist. Apr. 5, 1967.]

JOHAN HOLGER JONSON et al., Plaintiffs and Appellants, v. EUGENE C. WEINSTEIN, Defendant and Respondent.

Desmond, Miller & Desmond and Richard F. Desmond for Plaintiffs and Appellants.

McDonough, Holland, Schwartz, Allen & Wahrhaftig, Forrest M. Greenberg, Milton L. Schwartz and V. Barlow Goff for Defendant and Respondent.

FRIEDMAN, J.—After entry of a default and default judgment against him, defendant Eugene C. Weinstein—who had been served as a fictitiously named defendant—moved to set aside both the default and the judgment. Plaintiffs appeal from an order granting his motion.

The original complaint, filed August 2, 1963, was in seven counts. It designated as defendants 26 named individuals, 8 named corporations (including several banks and title companies) and 40 Does. The first count claimed damages of $300,000 for a fraudulent real estate exchange, alleging that plaintiffs had entered into the transaction in reliance upon the false representations of a particular named defendant and that "the defendants" made false representations to plaintiffs, who believed "the defendants and each of them" and reposed confidence in them. The charging allegations against the 40 fictitiously named defendants stated: "that at all times herein mentioned defendants DOES ONE through FORTY, inclusive, were directors, officers, shareholders, joint venturers with and agents and employees of the defendants above-named, but that plaintiffs have no information or belief as to which DOE stood in such relationship with such hereinbefore named defendant, and when plaintiffs ascertain the true relationship, they pray leave to amend this complaint and proceed accordingly."

The following six counts sought relief on theories of constructive trust, accounting for rents and profits, conspiracy, injunction against foreclosure, declaratory relief and quiet title.

On February 6, 1964, plaintiffs' counsel mailed papers to the sheriff's office for service on Eugene C. Weinstein. Five days later, on February 11, plaintiffs amended their complaint to add an eighth count directed at two title insurance companies. On February 26, 1964, Eugene C. Weinstein was served with process as "Third Doe." Eight documentary exhibits attached to the original complaint were missing from the copy served on Weinstein. Weinstein was not served with a copy of the amendment adding the eighth count. Neither on

February 11 nor later did plaintiffs amend the complaint to specify Weinstein as the true name of the defendant served as Third Doe.[1]

On April 30, 1964, plaintiffs requested entry of the default of Weinstein and several other defendants. For some reason the clerk failed to act on the request. After discovering the inaction plaintiffs, on December 29, 1964, secured an ex parte order directing the clerk to enter the defaults *nunc pro tunc* as of April 30, 1964. Plaintiffs then applied for a default judgment. After taking evidence the court on January 5, 1965, signed a default judgment against Weinstein and the other defaulting defendants in the amount of $219,143.26 plus costs. In effect the judgment stated that it was based upon proof of the allegations of the first, fourth and eighth counts of the complaint.

In April 1965 a writ of execution was issued and an abstract of judgment recorded. At that point Weinstein made his first appearance in the lawsuit by moving to set aside both the default and the default judgment. In a supporting affidavit he stated that after service of the complaint upon him (minus the exhibits) he had read it and could not ascertain that the plaintiffs were making any claim against him; that he believed the complaint was handed to him for information only, since he had purchased a trust deed from one of the defendants and had title insurance covering it from another defendant. In the same affidavit he stated that he was simultaneously filing an affidavit of merits and a proposed answer. (The latter two papers are not included in the record on appeal.)

■ The default judgment against Weinstein was erroneous, that is, vulnerable to direct attack on appeal or by a motion under Code of Civil Procedure section 473, because a complaint which has not been amended in conformity with section 474 will not support a default judgment against a party served as a fictitious defendant.[2] ■ The judgment

---

[1] Code of Civil Procedure section 474 provides in part: ''When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, or the affidavit if the action is commenced by affidavit, and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly; . . . .''

[2] *Fried* v. *Municipal Court,* 94 Cal.App.2d 376, 378 [210 P.2d 883]; *Flores* v. *Smith,* 47 Cal.App.2d 253, 262 [117 P.2d 712]; *Roseborough* v. *Campbell,* 46 Cal.App.2d 257, 263 [115 P.2d 839]. The cited cases have been criticized and their statement of the rule classed as dictum. (1 Chadbourn, Grossman and Van Alstyne, California Pleading, pp. 482-483.) *In*

was also void (i.e., vulnerable to collateral attack) because it supplied relief to the plaintiffs other than that demanded in the copy of the complaint served upon the defaulter.[3] The judgment on its face was based upon evidence of allegations contained in the first, fourth and eighth counts. It awarded an unsegregated sum of $219,143.26 against a group of defaulting defendants, including Weinstein, although the latter had not been named as a defendant in the eighth count and had not been served with the amendment adding that count.[4] The record provides no method of segregating the award into one sum attributable to the first and fourth counts and another attributable to the eighth count. Based to some unascertainable extent on an amended complaint which had not been served on Weinstein, the default judgment against him cannot stand.

Faced with invalidity of the default judgment, plaintiffs seek to salvage the default which preceded it. The default and default judgment are separate procedures. The latter may be set aside without disturbing the former. (*Howard Greer Custom Originals* v. *Capritti*, 35 Cal.2d 886, 888 [221 P.2d 937].) A default judgment fatally deficient for award of excess relief may be set aside without vitiating the defendant's default. (*Nemeth* v. *Trumbull, supra,* 220 Cal.App.2d at pp. 791-792; see also *Brown* v. *Superior Court,* 242 Cal.App.2d 519, 526 [51 Cal.Rptr. 633].) The decisions invalidating default judgments against a party named as a fictitious defendant in an unamended complaint (fn. 2, *supra*) have no necessary bearing upon the default which precedes the judgment. Although section 474, Code of Civil Procedure, states that the plaintiff "must" amend the complaint by substituting the defendant's true name for his fictitious name, it does not demand that action as a precondition of his valid default. Failure to amend in conformity with section 474 causes no failure of jurisdiction over the person served as a

*Fried* v. *Municipal Court, supra,* the proposition was not uttered as dictum but as an alternative, independent ground of decision. Since plaintiffs' failure to substitute the defendant's true name for the fictitious name is only one of two reasons for invalidity of the default judgment, soundness of the rule is not crucial here.

[3]Code Civ. Proc., § 580; *Burtnett* v. *King,* 33 Cal.2d 805, 808 [205 P.2d 657, 12 A.L.R.2d 333]; *Nemeth* v. *Trumbull,* 220 Cal.App.2d 788, 792 [34 Cal.Rptr. 127]; *Taliaferro* v. *Taliaferro,* 217 Cal.App.2d 216, 219 [31 Cal.Rptr. 774].

[4]Code of Civil Procedure section 1010 permits a plaintiff to omit service of papers on a defaulted defendant but distinctly excepts amendments of pleadings from that permission.

fictitious defendant. (*Crouch* v. *H. L. Miller & Co.*, 169 Cal. 341, 347 [146 P. 880]; see also *Larson* v. *Barnett*, 101 Cal. App.2d 282, 290 [225 P.2d 297].) The causes of a defendant's failure to respond to process occur independently of the plaintiff's failure to amend and are not cured by the amendment or lack of it. We conclude that Weinstein's default was proper and that the trial court erred in vacating it.

Although Weinstein's original motion to vacate had been premised on the claimed impropriety of the default and judgment, he made an alternative attack under Code of Civil Procedure section 473, claiming mistake, inadvertence, surprise and excusable neglect. The trial court based its order upon the first of these theories and did not act on the claim for section 473 relief. Foreseeing possible appellate disagreement with the trial court's theory as to the default, Weinstein urges invalidity of the *nunc pro tunc* phase of the order directing entry of default, thus, that his motion for relief was filed within the statutory six-month period fixed by section 473.

We agree. The clerk having failed to act on plaintiffs' request to enter the default in April 1964, the court was justified in directing him to perform the ministerial duty imposed upon him by Code of Civil Procedure section 585. The order itself was valid, but its *nunc pro tunc* feature cannot be sustained under the circumstances of this case. Physical entry of the default occurred in December 1964 and Weinstein's motion to vacate the default was made in April 1965, before six months had passed and soon after Weinstein learned of the judgment. The order's *nunc pro tunc* feature fictitiously pushed the default backward in time to a point where it could not be reached by a section 473 motion. *Nunc pro tunc* antedating aims to avoid injustice. (*Phillips* v. *Phillips*, 41 Cal.2d 869, 875 [264 P.2d 926].) When a statutory period within which a party or court may act is jurisdictional, the statute may not be defeated by the simple device of a *nunc pro tunc* order. (*People* v. *Black*, 55 Cal.2d 275, 277 [10 Cal. Rptr. 459, 358 P.2d 915].) The law's policy favors disposition of litigation on the merits. If a default is traceable to mistake, inadvertence or excusable neglect, its *nunc pro tunc* entry would preserve not the legitimate fruits of litigation, but the unfit fruits. The *nunc pro tunc* feature of the order being invalid, the actual date of default entry governs. Since Weinstein's motion was presented within six months of that date, it was cognizable as a motion under section 473.

960

The trial court, however, did not pass on the grounds for section 473 relief. Although an appellate court may affirm an order upon a theory of law other than that adopted by the trial court, it is not appropriate to do so by exercising a discretion and making factual decisions to which the trial court has never addressed itself. (See *Zak* v. *State Farm etc. Ins. Co.*, 232 Cal.App.2d 500, 506 [42 Cal.Rptr. 908].) An application for relief from default is addressed in the first instance to the discretion of the trial court. The appellate function is to review that discretion, not replace it. It is preferable to remand the litigation to the trial court for further proceedings under section 473.

The order vacating the default judgment against Weinstein is affirmed. The order vacating his default is reversed with directions to consider and act upon his motion as an application for relief under Code of Civil Procedure section 473.

Pierce, P. J., and Regan, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied May 31, 1967.