[Civ. No. 12928. Third Dist. Oct. 16, 1972.]

JAMES D. EDWARDS, Plaintiff and Appellant, v.
CITY OF CHICO, Defendant and Respondent.

## COUNSEL

Jordan N. Peckham for Plaintiff and Appellant.

Price, Burness & Price and Robert L. Davis for Defendant and Respondent.

## OPINION

**COAKLEY, J.**\*—Plaintiff's unverified amended complaint for personal injuries alleges that while employed by the United States Department of Labor as an enrollee in its WIN (work incentive) Program, and while on the golf course of defendant city in his capacity as a WIN enrollee, plaintiff was injured by reason of defendant's negligence. He seeks damages.

The defendant filed a motion for summary judgment (Code Civ. Proc., § 437c) upon the ground that the court lacked jurisdiction of the subject matter. The motion was granted and judgment for the defendant followed.

The motion is supported by two declarations. The first is by the deputy city manager of defendant city. It recites that plaintiff was referred to the city by the state for the purpose of obtaining work experience and training under the WIN Program of the federal government; that plaintiff was assigned, for that purpose, to the city's golf course; that plaintiff commenced said training and work experience on October 14, 1969, and continued therewith until November 4, 1969, the date of his injuries; that the performance of plaintiff's activities and the manner thereof were entirely and solely under the direction, control and supervision of the defendant, and that such activities were of benefit to the defendant. The declaration further recites that plaintiff, at no time, filed a written declaration with the defendant that he elected not to come within the provisions of the Workmen's Compensation Act, hereinafter called the Act. (Lab. Code, div. 4, §§ 3201-6148.)[1]

Defendant's second declaration was by another city employee. It recites that he was employed by the defendant city and was at work at the defendant's golf course on November 4, 1969; that at said time and place plaintiff was working with and assisting him; that both worked under the immediate direction, supervision and control of the city's leaderman

---

\*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

[1]All further code references unless otherwise expressly stated are to the California Labor Code.

at the golf course; that while so engaged plaintiff suffered an accident, describing it.

Plaintiff filed a counterdeclaration which we will consider in due course.

■ The issue is whether the court below was correct in granting defendant's motion. In order to reach that issue we must first determine whether defendant's declaration in support of its motion set forth facts which entitled it to judgment if not opposed by counteraffidavit containing facts sufficient to present a triable issue of fact.

■ With exceptions not pertinent to this case, if one is injured while performing service growing out of and incidental to his employment, while acting in the course of that employment, and provided that both the employer and employee are subject to the compensation provisions of the Workmen's Compensation Act, then, and in that event, the employee's sole right of recovery as against his employer is pursuant to the provisions of the Act. (§§ 3600 and 5300.) Those provisions, in turn, vest exclusive jurisdiction for the recovery of compensation in the Workmen's Compensation Appeals Board. (§ 5300.) In such case, the superior court is without jurisdiction and must leave the parties to their remedies before the Appeals Board. (*Scott* v. *Industrial Acc. Com.* (1956) 46 Cal.2d 76 [293 P.2d 18].)

A city is an employer as defined in the Act (§ 3300) and is conclusively presumed to have elected to come under the Act (§ 4155).

An "employee" is defined as "every person in the service of an employer under any appointment or contract of hire or apprenticeship, express or implied, oral or written, . . ." (§ 3351.)

Certain classes or types of employment are excluded from the Act. (§ 3352.) But employment of the character and for the period involved herein is not among the exclusions. (§ 3352.) Even if the relationship falls within one of the exclusions, the Act nevertheless applies and controls, and the superior court lacks jurisdiction, if the employer has elected to come under the Act, and the person performing service has not, within five days of entering such service, given such employer written notice that he elects not to be subject to the Act.[2] (§ 4154.)

Two additional provisions of the Act should be noted. They are:

---

[2]A city is conclusively presumed to have elected to come under the Act. (*Supra*, § 4155.) Plaintiff did not elect to be excluded from the Act.

Section 3357: "Any person rendering service for another, other than as an independent contractor, or unless expressly excluded herein, is presumed to be an employee."

Section 3202: "The provisions of Division IV and Division V of this code shall be liberally construed by the courts with the purpose of extending their benefits for the protection of persons injured in the course of their employment." (See *Industrial Ind. Exch.* v. *Ind. Acc. Com.* (1945) 26 Cal.2d 130 [156 P.2d 926].)

So much for the Act.

Under case law, the primary test of a disputed employer-employee relationship is whether the employer has "[t]he right to control and direct the activities of the alleged employee or the manner and method in which the work is performed. . . ." (*Industrial Ind. Exch.* v. *Ind. Acc. Com., supra,* at p. 135.)

The deputy city manager s declaration states unequivocally that performance of the plaintiff's activities was "entirely and solely under the direction, control and supervision of the City of Chico by its agents and employees."

Nothing is said in any of the declarations as to payment for the plaintiff's services. Payment, while a factor to be considered, is not controlling. (*Union Lumber Co.* v. *Indus. Acc. Com.* (1936) 12 Cal.App.2d 588, 596 [55 P.2d 911].) The crucial question is the right to direct and control the activities of the alleged employee. (*Industrial Ind. Exch.* v. *Ind. Acc. Com., supra,* 26 Cal.2d 135; see *Anaheim General Hospital* v. *Workmen's Comp. App. Bd.* (1970) 3 Cal.App.3d 468, 473-474 [83 Cal. Rptr. 495]; *Union Lumber Co.* v. *Indus. Acc. Com., supra.*)

*Union Lumber Co.* v. *Indus. Acc. Com., supra,* is directly in point and disposes of the issue of whether plaintiff was an employee of the defendant city and required to look to the Act for compensation for his injuries. There, a high school student was learning a trade under the company's direction and control, pursuant to a federal-state-school vocational training program. He was injured in the course of his activity as such trainee. He served under the direction and control of a company supervisor but received no money from the company. The court held that the compensation flowing from the company to the trainee was the training he received by the company to improve his skills.

We hold therefore that the defendant's motion and declaration entitled it to summary judgment unless the plaintiff's declaration set forth *facts* which presented a triable issue of fact.

We now examine plaintiff's declaration. It recites that he was present at a hearing[3] of representatives of the city and of the WIN Program, and that it was there "stated and agreed that the purpose of assigning James Edwards [plaintiff] under the WIN Program to the Chico Golf Course was 'to train the WIN recipient in such a way that he might become employed and get off welfare.' "

That it was "agreed" is a conclusion, not a statement of fact as required by Code of Civil Procedure section 437c. That it was "stated" that the purpose was to "train" welfare recipients (plaintiff), while a statement of fact—i.e., as to what was said, is not helpful. It sheds little light on the crucial issue of control and direction of the plaintiff's activity as trainee. If anything, the inference is that he was to be trained, i.e., directed by the city. It does not satisfy the statute's requirement that the party opposing the motion shall set forth facts which present a triable issue of fact.

Plaintiff's declaration then recites the testimony of an employee of the city at a "hearing," to the effect that it "was . . . made perfectly clear to Edwards that he was not being employed by the City of Chico as a City employee. . . ."

Like the statement that it was "agreed," *supra,* the statement that "it was made perfectly clear to Edwards" is a conclusion, not a statement of fact. Further, what the city employee is said to have said about what was made clear to Edwards by other persons present at the hearing and now set forth in plaintiff's declaration would appear to be hearsay, not meeting the requirement of Code of Civil Procedure section 437c that the declaration "shall show affirmatively that affiant, if sworn as a witness, can testify competently thereto," i.e., to facts presenting a triable issue. We find nothing in plaintiff's declarations by way of a statement of fact giving rise to a triable issue.

Plaintiff next asserts that the question whether he was an employee of the defendant city was decided in the negative by the Workmen's Compensation Appeals Board, and that said determination is res judicata of that question.

It is true that a *final* decision of the Workmen's Compensation Appeals Board is res judicata as to the precise issue decided by that board. (*French* v. *Rishell* (1953) 40 Cal.2d 477, 479 [254 P.2d 26]; *Casualty Ins. Co.* v. *Industrial Acc. Com.* (1964) 226 Cal.App.2d 748 [38 Cal.Rptr. 364].)

[3]The hearing is not identified but we disregard that ambiguity in resolving the issue before us.

But the decision of the Workmen's Compensation Appeals Board holding that plaintiff was not an employee within the meaning of the Act is not res judicata of that question for the reasons that:

1. Its decision was not rendered until January 14, 1971, almost two months *after* the judgment herein was filed, to wit, November 9, 1970.

2. The Workmen's Compensation Appeals Board has continuing jurisdiction over its order and decisions for a period of five years, during which it "may rescind, alter, or amend any such order, decision, or award, good cause appearing therefor."[4] (§ 5803; *Solari* v. *Atlas-Universal Service, Inc.* (1963) 215 Cal.App.2d 587 [30 Cal.Rptr. 407].) In plaintiff's case, that period terminates in January 1976.

"[W]here there has been a finding of no employment, it is not res judicata in a subsequent proceeding brought before the Commission on this issue as long as the petition to reopen is made within the five-year period. [Citations.] Accordingly, in view of the statutory power given to the Commission to rescind, alter or amend any order, decision or award within five years from the date of injury (excepting the limitation to reopen to find no employment) an order, decision, or award *is not final* until that period shall have expired. [Citations.] The doctrine of res judicata is not applicable, therefore, to such orders, decisions, or awards during that five-year period." (*Solari* v. *Atlas-Universal Service, Inc., supra,* 215 Cal.App.2d at p. 594.) (Original italics.)

The judgment is affirmed.

Richardson, P. J., and Regan, J., concurred.

A petition for a rehearing was denied November 14, 1972.

---

[4]Counsel, at argument herein, advised the court that the Workmen's Compensation Appeals Board has reopened the case.