[Civ. No. 36700. First Dist., Div. Three. Mar. 5, 1976.]

GEORGE WILLIAM MASSEY, Plaintiff and Appellant, v.
BANK OF AMERICA et al., Defendants and Respondents.

**COUNSEL**

Petris & Vasil, David Daar, Florence Bernstein, Miller, Dorais & Wheat and Maddox & Miller for Plaintiff and Appellant.

Theodore Sachsman, Sullivan, Roche & Johnson, Theodore A. Kolb, Patrick J. Maloney, Pillsbury, Madison & Sutro, Noble K. Gregory, Gary H. Anderson, Michael H. Salinsky and Michael L. Tuft for Defendants and Respondents.

**OPINION**

**DRAPER, P. J.**—Complaint seeking recovery for a class and for the individual plaintiff was filed December 19, 1969. It alleged that Bank of America, as lender, had insured with Prudential Insurance Company the lives of its borrowers to assure payment of the loans. It asserted that borrowers had been charged premiums in excess of what was necessary to secure payment of their obligations to the bank, and that the bank had received dividends or premium refunds which were not credited to the borrowers. The two defendants answered, each asserting that the action could not properly be maintained as a class action. Nonetheless, plaintiff failed to seek judicial determination of the propriety of the class aspect of the action, what form of notice to members of the class was required, or the adequacy of his representation of the class. On October 17, 1974, defendant bank moved for determination of the class, if any, and for fixing of notice to be given. Defendant insurer joined the motion the next day. On November 1, defendants moved for dismissal of the class action aspect of the action. On November 6, 1974, plaintiff for the first time indicated a desire to have those issues determined. He filed a document in which he "joined" the defendants' "motion to determine the class" but asserted that "said determination should be made . . . upon the trial

of the action." Plaintiff requested a delay, and the hearing was held November 13. On November 15, the trial court found that there had been no determination as to the class aspect of the case; no notice to members of the class agreed upon, determined or given; and no determination made as to whether plaintiff is an adequate representative of the class. The order noted that trial had been set for December 16, that the action had been pending for more than 4 years and 10 months, and that "no meaningful or effective notice to the members of the class prior to trial can be given." It therefore dismissed the action as it related to a class. On November 22, it granted motions for summary judgment as to the individual action. Plaintiff appeals.

Determination of propriety of a class action should follow the guidelines of subdivision (c) of section 1781 of the Civil Code and rule 23 of the Federal Rules of Civil Procedure. (*Vasquez* v. *Superior Court,* 4 Cal.3d 800, 820-821 [94 Cal.Rptr. 796, 484 P.2d 964, 53 A.L.R.3d 513]; see also *City of San Jose* v. *Superior Court,* 12 Cal.3d 447, 453 [115 Cal.Rptr. 797, 525 P.2d 701]; *Daar* v. *Yellow Cab Co.,* 67 Cal.2d 695, 709 [63 Cal.Rptr. 724, 433 P.2d 732].) The trial court properly held a hearing to determine these issues.

■ "Prompt and early determination of the class is essential" in order to permit class members to elect whether to proceed as members of the class, to intervene with their own counsel, or to be excluded from the class action. (*Home Sav. & Loan Assn.* v. *Superior Court,* 42 Cal.App.3d 1006, 1010 [117 Cal.Rptr. 485] [hg. den.].)

Neither rule 23 nor the code provision, however, states who has the burden of securing hearing and ruling upon the membership of the class and the notice to be given. The federal cases under rule 23, although largely dicta, are split upon this question. Four seem to favor dismissal when the issue is not timely determined (*Carracter* v. *Morgan* (4th Cir. 1973) 491 F.2d 458; *Adise* v. *Mather* (D.Colo. 1972) 56 F.R.D. 492; *Edwards* v. *Schlesinger* (D.D.C. 1974) 377 F.Supp. 1091 [rev. on other grounds 509 F.2d 508]); *Walker* v. *Columbia University* (S.D.N.Y. 1973) 62 F.R.D. 63). Three appear to be contrary (*Souza* v. *Scalone* (N.D.Cal. 1974) 64 F.R.D. 654; *Feder* v. *Harrington* (S.D.N.Y. 1970) 52 F.R.D. 178; *Epstein* v. *Weiss* (E.D.La. 1970) 50 F.R.D. 387). We find no cases on the subject under Civil Code section 1781. We need not determine that precise issue here.

■ A plaintiff clearly has the burden of bringing a case to trial within five years after filing of the complaint, since dismissal of the action is mandatory upon expiration of the five-year period. (Code Civ. Proc., § 583, subd. (b).) There is no suggestion here of a stipulation for extension of the period, or of impossibility of bringing the case to trial in time. The burden of securing determination of the class and of the notice to be given obviously is not shared equally by the class, the defendants, and the trial court, as plaintiff-appellant argues.

It is quite true that the full five-year period had not finally expired on November 15, the date of the order appealed from. But it is undisputed that the 34 days remaining of that period was grossly inadequate for the giving of notice to the large and geographically scattered class for which plaintiff purports to act and to allow even a minimally reasonable period for exercise by the class members of their options.[1] To go through the mere formality of fixing notice at that late date would have been a useless act, since dismissal, 34 days later and before completion of any reasonable notice period, would have been mandatory. Hence we conclude that dismissal of the class aspect of the action was proper. Appellant's argument that fixing of the class and prescribing of notice should have followed trial of the action has been flatly rejected. (*Home Sav. & Loan Assn.* v. *Superior Court, supra,* 42 Cal.App.3d 1006.)[2]

■ The November 22, 1974, grant of summary judgment on plaintiff's individual cause of action was correct. Plaintiff's claim asserted that excessive premiums had been charged and that dividends thereon paid to the bank had not been credited to plaintiff. The claim is in contract and thus the right of action, upon filing of plaintiff's petition in bankruptcy was transferred to the trustee in bankruptcy (11 U.S.C.A. § 110 (a), (5) and (6); *Reichert* v. *General Ins. Co.,* 68 Cal.2d 822, 830 [69 Cal.Rptr. 321, 442 P.2d 377]). We need not consider whether these claims, largely collateral to the life insurance contract, are exempt under the California statute. (Code Civ. Proc., § 690.19, as it read at the time in issue.) That question is not material, for

---

[1] Even published notice would require 28 days (Gov. Code, § 6064) and publication in accordance with that section is required by the guideline statute (Civ. Code, § 1781). Under optimum conditions, the earliest possible publication in each of the counties required would leave at most five days for election by the numerous class members and for commencement of trial.

[2] A recent decision (*Cartt* v. *Superior Court,* 50 Cal.App.3d 960 [124 Cal.Rptr. 376] [hg. den.]) contains some language (p. 970) perhaps contradictory of the principle of *Home.* But *Cartt* in fact concerns only the nature of the notice to be given, and does not purport to negate need for some notice.

the claim against the insurer was not scheduled, and unscheduled property is not exempt (*Gardner* v. *Johnson* (9th Cir. 1952) 195 F.2d 717, 720). Contrary to plaintiff's contention, there is no admissible evidence (*Edwards* v. *City of Chico,* 28 Cal.App.3d 148, 154 [104 Cal.Rptr. 481]) of such affirmative action by the trustee as is essential to abandonment. (*Dallas Cabana, Inc.* v. *Hyatt Corporation* (5th Cir. 1971) 441 F.2d 865, 868.)

Judgment affirmed.

Brown (H. C.), J., and Good, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.