[No. B015376. Second Dist., Div. Five. Oct. 31, 1986.]

JOHN J. GAINEY, JR., Plaintiff and Appellant, v.
OCCIDENTAL LAND RESEARCH, Defendant and Respondent.

COUNSEL

Newman & Faith and Steven J. Nelson for Plaintiff and Appellant.

Nutter, Bird, Marella, Boxer, Wolpert & Matz, Ralph H. Nutter, Dorothy Wolpert, Robin Bronzoft Howald and Howard C. Alphson for Defendant and Respondent.

## OPINION

ASHBY, J.—This is a class action brought by plaintiff and appellant John Gainey, Jr., on behalf of himself and other limited partners against the general partner, defendant and respondent Occidental Land Research, alleging that the general partner exacted excessive fees and commissions from the partnership in violation of the partnership agreement and of its fiduciary duty. The trial court dismissed the action under former Code of Civil Procedure section 583, subdivision (b) (now §§ 583.310-583.360), on the ground that it could not be brought to trial within five years from the filing of the complaint. Plaintiff appeals from the order of dismissal and from another order involving certain class members who opted out of the class action.

The complaint was filed on May 5, 1980. On March 21, 1985, the court upon a hearing made an order concluding that the action was a proper class action, determining the members of the class and the form of notice to the class, giving the class members until April 26, 1985, to opt out of the class action, and specially setting the case for trial on May 1, 1985, a trial date which was within five years from the filing of the complaint. In order to hear a motion by defendant to dismiss the action, the parties stipulated to extend the time to bring the case to trial to June 5, 1985.

On May 28, 1985, the court dismissed the action on the ground that the merits of the dispute were subject to arbitration and that an arbitration could not be commenced before June 5, 1985. We hold that in the particular circumstances of this case the fact the arbitration could not commence before June 5, 1985, did not compel a dismissal under the five-year statute.

This action was commenced as a class action in superior court. The limited partnership agreement on which it was based, however, contained an article 24 which required arbitration, in accordance with the rules of the American Arbitration Association, of any dispute arising out of the agreement.[1] This brings the instant case within the relatively unusual circumstances contem-

---

[1] "ARTICLE TWENTY-FOUR [¶] . . . [¶] Any dispute or controversy arising under, out of, in connection with or in relation to this Agreement, and any amendments thereof, or the breach thereof, or in connection with the dissolution of the Partnership shall be determined and settled by arbitration to be held in Los Angeles, California in accordance with the rules then obtaining of the American Arbitration Association. Any award rendered therein shall be that final and binding on each and all of the Partners, and judgment may be entered thereon in the Superior Court of the State of California for the County of Los Angeles."

plated in *Keating* v. *Superior Court* (1982) 31 Cal.3d 584 [183 Cal.Rptr. 360, 645 P.2d 1192], in which a *court* must first determine the class action issues but then the merits of the underlying dispute may be subject to an order compelling arbitration, including arbitration on a class-wide basis if appropriate.

The problem here is defendant's assumption that in such a case, in order for plaintiff to avoid a mandatory dismissal under section 583, subdivision (b), the arbitration hearing must be commenced within five years of the filing of the original complaint. No authority cited by defendant supports that view nor is it supported by a consideration of the record in the instant case.

■ *Massey* v. *Bank of America* (1976) 56 Cal.App.3d 29, 33 [128 Cal.Rptr. 144], holds that a class action is subject to dismissal under section 583, subdivision (b), if the class issues are not determined, including notice to the members of the class, with sufficient time for the class members to exercise their options, within five years of the filing of the complaint. *Massey* was a class action not involving an arbitration agreement. ■ Plaintiff in the instant case satisfied the requirements of *Massey,* because the class was determined, the notice was sent, and the class members were required to exercise their options by April 26, 1985, well before the expiration of the five-year period.

On the other hand, where a dispute is subject to arbitration, and the plaintiff unreasonably delays in commencing the arbitration hearing, the arbitration is subject to dismissal if not commenced within five years of the *order compelling arbitration. (Preston* v. *Kaiser Foundation Hospitals* (1981) 126 Cal.App.3d 402, 408-410 [178 Cal.Rptr. 882]; *Young* v. *Ross-Loos Medical Group, Inc.* (1982) 135 Cal.App.3d 669, 671, 673 [185 Cal.Rptr. 536].) In *Preston* the court expressly concluded that in the context of contractually based arbitration proceedings, the measuring rod for purposes of the five-year statute should not be the filing of the complaint but the order compelling arbitration. The court held "that the plaintiff should not be penalized for requiring the defendant to obtain a court order for arbitration nor should the plaintiff be penalized for any delay attributable to the defendant in obtaining an order for arbitration." (P. 410.)[2]

In the instant case there has never been an order compelling arbitration, and therefore the relevant five-year period had not run. Defendant argues

---

[2]We agree with the *Preston* court that language in *Lockhart-Mummery* v. *Kaiser Foundation Hospitals* (1980) 103 Cal.App.3d 891, 896 [163 Cal.Rptr. 325], referring to the filing of the complaint, is unduly broad. The dismissal order in *Lockhart-Mummery* was in fact entered five years after the order compelling arbitration. (*Id.,* at pp. 893, 894, 896.)

that an earlier order overruling defendant's demurrer should be construed as an order compelling arbitration, but we reject this contention.

Defendant demurred to the original complaint and the first amended complaint, contending that, in light of the arbitration clause, the complaint failed to state a cause of action because it did not allege an exhaustion of the arbitration remedy.

The trial court overruled defendant's demurrer, and properly so. In its ruling of November 20, 1980, overruling the demurrer to the first amended complaint, the trial court anticipated the subsequent holding of the Supreme Court in *Keating* v. *Superior Court, supra,* 31 Cal.3d 584, that the action could proceed in court as to the class action issues. The trial court's ruling stated, "The demurrer is overruled. The court orders the matter to proceed as to certification of the class. The court issues a protective order that discovery will not proceed in any matter except as to class issues. This ruling is made on the authority of [the Court of Appeal opinion in *Keating* v. *Superior Court*]."

The trial court's ruling contains no language ordering that there be an arbitration of the merits. The ruling overrules the demurrer and orders that the action proceed preliminarily as the class action issues. The order lacks the certainty of an order compelling arbitration and thus should not be construed as commencing the mandatory five-year period in which plaintiff must begin an arbitration hearing, especially since the order expressly prohibited discovery on the merits.

Furthermore, even if we were to accept defendant's argument that the November 20, 1980, ruling on the demurrer to the first amended complaint should be construed as an order that the merits will be arbitrated, under *Preston, supra,* 126 Cal.App.3d 402, and *Young, supra,* 135 Cal.App.3d 669, the five years for commencing the arbitration hearing would run from November 20, 1980, not from the filing of the original complaint on May 5, 1980, and therefore five years had not expired and the dismissal based on the five-year statute was improper.

Defendant correctly contends it has done nothing to "waive" its right to arbitration. (See *Keating* v. *Superior Court, supra,* 31 Cal.3d at p. 605.) But, on the other hand, defendant has done nothing to commit itself to arbitration either, such as obtaining an order compelling arbitration. Conceivably defendant could have chosen at the last minute to waive arbitration and go to trial in superior court. Under all the circumstances, we conclude defendant cannot now insist that the action be dismissed because arbitration

was not commenced within five years from the filing of the original complaint.

By no means should this be interpreted to approve the dragging out beyond five years of cases involving this rare combination of class action and arbitration. It means only that in the particular circumstances of this case, dismissal was not mandatory pursuant to section 583, subdivision (b). Defendant's protection against an unreasonable delay in the commencement of arbitration caused by an unreasonable delay in prosecuting the preliminary class action issues lies in the court's discretionary powers under former section 583, subdivision (a). (See now Code Civ. Proc., §§ 583.410-583.430.) Since the trial court's memorandum opinion mixes both concepts, we reverse, without prejudice to the renewal of defendant's motion based solely on discretionary factors under Code of Civil Procedure sections 583.410-583.430 and rule 373, California Rules of Court.[3]

### Order re Notice to the Class

Since we reverse the order of dismissal, we also consider the trial court's denial of plaintiff's motion to restore certain members to the class.

At the hearing of March 21, 1985, on the class action issues, the trial court (Judge Dowds) found the action to be a proper class action, and the court approved plaintiff's draft of a notice to members of the class of pendency of the class action. The notice described the litigation and gave the members until April 26, 1985, to opt out of the class action by notifying the court.

However, on or about April 15, 1985, defendant sent defendant's own notice to members of the class, which presented defendant's defense and emphasized possible disadvantages to members who did not request exclu-

---

[3]Whereas the running of the mandatory five-year limitation is a question of law, dismissal under Code of Civil Procedure section 583.410 involves factual questions which are addressed initially to the discretion of the trial court. (Code Civ. Proc., § 583.410, subd. (b); Cal. Rules of Court, rule 373(e).) Although defendant argues that the trial court's order was based in part on discretionary factors, the error of law may have influenced the result, and we prefer that the matter of discretionary dismissal be presented squarely to the trial court in the first instance. (See *Jonson* v. *Weinstein* (1967) 249 Cal.App.2d 954, 960 [58 Cal.Rptr. 32]

sion from the class, and defendant also enclosed a form which the members could use to opt out of the class.[4]

Plaintiff promptly called the court's attention to this matter and requested that the members who returned defendant's exclusion form be deemed still members of the class, that a corrective notice be sent out and that the members be given a new period in which to exercise their decision whether to opt out of the class action.[5] The trial court should have granted plaintiff's motion.

The form and content of the notice to the class of pendency of the class action is regulated by the court. (Civ. Code, § 1781, subds. (d), (e); Fed. Rules Civ.Proc., rule 23(c)(2), (d)(2), 28 U.S.C.; Los Angeles Super. Ct. Manual for Conduct of Pretrial Proceedings in Class Actions, rule 427.6.) The notice is a matter of extreme importance, committed to the discretion of the court, not the "whim of litigants." (*City of San Jose* v. *Superior Court* (1974) 12 Cal.3d 447, 454 [115 Cal.Rptr. 797, 525 P.2d 701, 76 A.L.R.3d 1223]; *McGhee* v. *Bank of America* (1976) 60 Cal.App.3d 442, 451 [131 Cal.Rptr. 482].)

One of the purposes of the court's supervisory role is to assure that the notice be "neutral and objective in tone, neither promoting nor discouraging

---

[4]Defendant's notice stated:

"April 11, 1985

"To: THE LIMITED PARTNERS

"RE: Notice sent to Limited Partners by Newman & Faith, Inc. Dated March 26, 1985

"Since the above referenced notice was received by the various investors, a number of them have called with questions. So that all of the investors can be equally informed, we submit the following questions most often asked, and our answers.

"1. Question: Could an investor be called to testify in court?
Answer: We have been advised that investors who should still be members of the class could be called to testify.

"2. Question: Could an investor become responsible for any money obligation if the class should lose the case?
Answer: That is possible, unless the investor had elected to be excluded from the class.

"3. Question: Has Occidental Land Research acted properly with respect to the commissions and fees mentioned in the notice?
Answer: The commissions were paid only after the written approval had been received from a majority of the Limited Partners as provided by the Partnership Agreement. Also, whenever the extended management fees were paid, the Limited Partners were advised and the services were rendered, with subsequent approval of continuance in writing on the part of the majority of the Limited Partners.

"If you wish to be excluded from the class as explained in the notice of March 26, 1985, we have enclosed for your convenience a letter which you may sign and mail to the court.

"OCCIDENTAL LAND RESEARCH

"General Partner

"Enclosure"

[5]By the time plaintiff's motion was heard, some 80 members had opted out on defendant's form.

the assertion of claims." (*Zarate* v. *Younglove* (C.D.Cal. 1980) 86 F.R.D. 80, 101.)

As stated in the similar case of *Impervious Paint Industries* v. *Ashland Oil* (W.D.Ky. 1981) 508 F.Supp. 720, 723, app. dism. (6th Cir. 1981) 659 F.2d 1081, "It is essential that the class members' decision to participate or to withdraw be made on the basis of independent analysis of its own self-interest. It is the responsibility of the Court as a neutral arbiter, and of the attorneys in their adversary capacity, to insure this type of free and unfettered decision. [¶] The mechanism selected for accomplishing this is the class notice, which is designed to present the relevant facts in an unbiased format. The process of creating such a notice [involves the court and the parties working together]."

Once the content of the notice has been approved by the court, the defendant cannot send out its own competing and argumentative notice and invitation to the class members to opt out. (*Impervious Paint Industries* v. *Ashland Oil, supra.*) Such conduct defeats the whole point of the court's holding a hearing to approve the notice to the class. We disapprove such an end run around the court's supervisory powers. (*Impervious Paint Industries* v. *Ashland Oil, supra; Zarate* v. *Younglove, supra,* 86 F.R.D. 80, 101.)

The proper remedy in such a case is that those who returned the defendant's exclusion form be restored to the class, and that a remedial notice be sent giving them a new period in which to make a new and unfettered decision whether to opt out. (*Impervious Paint Industries* v. *Ashland Oil, supra,* 508 F.Supp. at pp. 723-724.) This is what plaintiff requested and the trial court should have granted it.

■ Defendant's contention that defendant had an unrestricted right to communicate with class members during this period is without merit and is not supported by the authorities cited. In *Atari, Inc.* v. *Superior Court* (1985) 166 Cal.App.3d 867 [212 Cal.Rptr. 773], the defendant's communication occurred *prior to* certification of the class (see *Zarate* v. *Younglove, supra,* 86 F.R.D. at p. 101 [recognizing this distinction]). In *Cada* v. *Costa Line, Inc.* (N.D.Ill. 1981) 93 F.R.D. 95, the trial judge had given prior approval to the content of the defendant's communication. (*Id.,* at pp. 97, 100.)

The order of dismissal and the order denying plaintiff's motion for an order declaring the persons opting out by reason of defendant's commu-

nication be deemed still a member of the class, are reversed. Costs on appeal are awarded to appellant.

Feinerman, P. J., and Eagleson, J., concurred.

A petition for a rehearing was denied November 26, 1986, and respondent's petition for review by the Supreme Court was denied January 28, 1987.