Filed 7/12/13  De La Rosa v. Able Acquisition CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| RAFAEL DE LA ROSA et al., | |
| Plaintiffs and Appellants, | G046484 |
| v. | (Super. Ct. No. 07CC01206 consol. with 07CC01256) |
| ABLE ACQUISITION CORP., | O P I N I O N |
| Defendant and Respondent. | |

Appeal from an order of the Superior Court of Orange County, Nancy Wieben Stock, Judge.  Request for Judicial Notice.  Order affirmed.  Request denied.

Rastegar & Matern, Matthew J. Matern, Paul J. Weiner, Thomas S. Campbell, Wendy Sha and Joshua N. Lange for Plaintiffs and Appellants.

Simoncini & Associates, Kenneth D. Simoncini, Kerri A. Johnson and Paul J. McDonald for Defendant and Respondent.

\*          \*          \*

Plaintiffs Rafael De La Rosa and Ramy Mandujano filed a class action for violation of wage and hour claims. Sixteen days before the five-year statute within which to bring a case to trial (Code Civ. Proc., § 583.310) was set to run, the trial court granted the motion of defendant Able Acquisition Corp.,[1] to decertify the class because notice to the class had not yet been given. The court granted the motion on three grounds: 1) the inadequacy of counsel for the class; 2) the inability to ascertain class members; and 3) denial of due process to class members and defendant.

Plaintiffs argue the court erred because 1) it failed to consider tolling periods that extended the five-year statute and the impracticability of trying the case, which would allow for sufficient time to give notice; 2) its decisions counsel was inadequate and the class was not ascertainable were not supported by the evidence and were based on improper legal criteria; and 3) its finding of denial of due process was not supported by the evidence.

We conclude decertification was proper to protect the due process rights of class members and affirm on that basis.

PROCEDURAL HISTORY

As they are not relevant to the appeal we do not recite the facts. The issues concern only procedural matters.

Two original plaintiffs filed two actions against defendant and Robert Hughes[2] in February and April 2007 by predecessors in interest of the current plaintiffs. The cases were consolidated a year later. In January 2009 the third amended complaint

---

[1] The parties sometimes refer to defendant as UBS based on its dba, United Building Services.

[2] Robert Hughes sold the assets of his company to defendant in February 2005.

was filed substituting in the current plaintiffs after the original plaintiffs could not be located and/or were disinterested in pursuing the matter.

In January 2008 plaintiffs served interrogatories and requests for production of documents seeking, among other things, documents and information about the names of employees and their addresses and phone numbers, dates and hours worked, and W-2's and pay stubs. After defendant responded, in April plaintiffs filed motions to compel supplemental responses to a few requests and interrogatories seeking that information.

In the May 2008 hearing, the court denied the motions without prejudice, finding the parties would not be able to agree as to the discovery underlying the motion and issued special orders. It ordered a "limited stay" of written discovery that was the subject of the motions so depositions of defendant's persons most knowledgeable and the original plaintiffs could be taken. The dates of the depositions had already been scheduled and were to be finished by June 30. A status conference was set for a week or so thereafter for a report on the depositions, at which time the court would consider lifting the written discovery stay. As to pending discovery, defendant could respond by producing documents "with personal identifiers of third parties," including names and contact information, redacted. The written discovery stay actually lasted for almost a year for completion of the depositions.

During the next four years the parties conducted discovery, resulting in several disputes over the information defendant had to provide concerning its employees and employees of Hughes for the years 2003 through 2005, after which plaintiffs bought the assets.

As set out in a joint status conference report, plaintiffs originally suggested November 2008 as the target date for filing the motion to certify. This was changed many times over the next several years until the class was finally certified in July 2011. The court defined the class as follows: "All persons employed in California by United

3

Building Services ('UBS') who worked as non-exempt . . . employees at any time between and including February 20, 2003 and [the end of the opt-out period] in the category of janitor, custodian, waxer, rover, porter, window washer and as assistants to any of the foregoing. The term 'non-exempt employee' means an employee who is non-exempt according to the provisions of 8 Cal.Admin.Code § 11020[*sic*]. Excluded from the class are current and former officers, directors, District Directors and managers or assistant managers of UBS, and any person who at any time during the class period is or was employed in the classification of supervisor or lead, and any immediate family member of a current or former officer, director, District Director and manager or assistant manager of UBS, or any person who at any time during the class period is or was employed in the classification of supervisor or lead."

Notice was never given to the class. In December 2011 defendant filed a motion to decertify on the ground there was "no common unlawful policy or practice that would render collective treatment of this case appropriate." In January 2012 defendant also filed a motion to dismiss under the five-year statute.

Prior to the hearing on the motion to dismiss the court issued a tentative ruling, granting it based on issues not raised in the motion. At the hearing the court denied plaintiffs' request for additional time to brief these issues.

In granting the motion to decertify, the court ruled there were "at least three separate, but inter[]related grounds." First, it found class counsel was inadequate, pointing to the four years it took to obtain certification, failure to give the class notice, lack of a trial plan, and failure to associate in experienced or competent class counsel. The second ground was the inability to ascertain the class members for the period 2003 to the beginning of 2005 "with any degree of comfort."

Finally, the court pointed to denial of due process, to both class members and defendant. Trial was in 11 days and the five-year statute was set to run 5 days thereafter. Yet no notice had been sent to the class members. The court pointed out that,

4

despite the argument by plaintiffs' counsel that the five-year statute should be tolled for various periods, they had not sought an order or stipulation to have tolling confirmed, which is "the better practice." Further, it would likely take months to give notice to the almost 10,000 employees who had been employed for a period of about nine years by two employers and at different locations, in addition to other complicating factors. Further, lack of timely notice to the class violated defendant's due process rights because class members not notified would not be bound by the judgment.

The court ruled defendant's motion to dismiss under the five-year statute moot because it appeared plaintiffs could timely try the non-class causes of action. But it stated that if it had not granted the motion to decertify it would have granted the motion to dismiss. It cited to *Massey v. Bank of America* (1976) 56 Cal.App.3d 29, which dismissed a class action 34 days before the five-year statute would have run because the remaining time was "grossly inadequate" to give "notice to the large and geographically scattered class for which plaintiff purports to act and to allow even a minimally reasonable period for exercise by the class members of their options." (*Id*. at p. 33.)

Additional details of the procedural history are set out in the discussion.


DISCUSSION


*1. Introduction and Standard for Decertification*

A class previously certified may be decertified "'where it is clear there exist changed circumstances making continued class action treatment improper.' [Citation.]" (*Green v. Obledo* (1981) 29 Cal.3d 126, 148; see *Fireside Bank v. Superior Court* (2007) 40 Cal.4th 1069, 1081-1082.) We reverse an order decertifying a class "'only for a manifest abuse of discretion.'" (*Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004, 1022.) We will affirm the order so long as the trial court relied on substantial evidence, proper criteria, and correct legal assumptions. (*Id*. at p. 1050)

*2. Denial of Due Process*

The court ruled the class needed to be decertified to protect the rights of class members. The trial date was "firm" and the five-year statute ran five days thereafter. But no notice had yet been sent to class members. The court stated due process requires that class members have sufficient time to either opt out of the action or secure private counsel. Plaintiffs challenge the case on which the court relied, *Massey v. Bank of America* (1976) 56 Cal.App.3d 29, as being disapproved. But *Massey* was disapproved on another ground, and in any event is not critical to our decision.

*Phillips Petroleum Co. v. Shutts* (1985) 472 U.S. 797 [105 S.Ct. 2965, 86 L.Ed.2d 628] is the principal authority setting out the rules of due process in class actions. In cases seeking primarily monetary relief, in addition to an opportunity to opt out, due process requires, at a minimum, notice of the proceedings with an opportunity to be heard and adequate representation by the plaintiff. (*Id*. at pp. 811-812.) *Phillips* applies here because plaintiffs seek principally money damages. But due process was not satisfied because no notice was given and there was no opportunity to opt out or obtain their own counsel.

Plaintiffs assert the "trial court largely ignored [their] proposals and attempts . . . to send notice to all class members within the class definition." But they fail to develop this conclusory argument, referring us generally only to over half of the brief, most of which does not deal with this claim, and we decline to parse out support from these 27 pages.

This is problematic on at least two grounds. First, it violates court rules, which require each issue to be supported by reasoned legal argument. (Cal. Rules of Court, rule 8.204(a)(1)(B); *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)

Second, it is unclear to which attempts and proposals plaintiffs refer. In fact, there is contrary evidence that in December 2011 plaintiffs refused to allow the

6

administrator to mail notice because the class list did not include employment records for the 2003 to 2005 period.

Plaintiffs did make a suggestion at a hearing in late January 2012 to have notice sent to employees of both companies, acknowledging it would likely cause over-inclusiveness, but proposing to deal with it later. But plaintiffs fail to explain why the court erred in not agreeing to this suggestion.

In the order granting decertification the court referred to another solution plaintiffs had suggested, i.e., sending notice during trial. But the court found it "problematic" and in violation of class members' due process rights. Despite plaintiffs' contention, we do not see how or even if the court erred in ignoring an unreasonable suggestion by plaintiffs regarding notice to the class.

Attacking from another angle, plaintiffs contend the five-year statute should have been extended because there were periods of tolling when it was impracticable to bring the case to trial. Code of Civil Procedure section 583.340, subdivision (c) provides that in calculating the time within which a case must be brought to trial, any period when it "was impossible, impracticable, or futile" to do so must be excluded.

This is a decision best left to the trial court in the exercise of its discretion, after it reviews the nature of the case and the parties' conduct. (*Bruns v. E-Commerce Exchange, Inc*. (2011) 51 Cal.4th 717, 730-731.) In making such a ruling, "'[t]he critical factor . . . is whether the plaintiff exercised reasonable diligence in prosecuting his or her case.' [Citations.]" (*Ibid*.) Reasonable diligence is required "'at all stages of the proceedings.'" (*Ibid*.) But even if the plaintiff is diligent, that in itself does not automatically toll the statute. (*Ibid*.) In addition, the plaintiff has the burden to show whether there was a causal connection between the impracticability and "the failure to move the case to trial" and whether the inability to bring the case to trial was caused by circumstances beyond the plaintiff's control. (*Ibid*.)

7

Not every period of time when the plaintiff is unable to bring the case to trial is automatically excluded. (*Bruns v. E-Commerce Exchange, Inc., supra*, 51 Cal.4th at p. 731.) "'Time consumed by the delay caused by ordinary incidents of proceedings, like disposition of demurrer, amendment of pleadings, and the normal time of waiting for a place on the court's calendar are not within the contemplation of these exceptions.' [Citation.]" (*Ibid.*) There must be "'"*excessive* and *unreasonable* difficulty or expense."'" [Citation.]" (*Ibid.*) Unless the plaintiff proves the trial court abused is discretion, we affirm its decision. (*Ibid.*)

In the opening brief, plaintiffs' argument on this issue was limited to a general description of what they claimed in the trial court, i.e., that there were several "potential" tolling periods when it was futile or impracticable to proceed toward trial. Again without much development of the issue they listed only the times when they had to seek new class representatives, when there was a stay on written discovery (which plaintiffs erroneously refer to as a stay on "all discovery"), and when defendant filed a writ petition challenging the partial certification of the class.

When this same argument was made in the trial court it was disposed of on several grounds. First the court cited a minute order from a combined status and trial setting conference dated October 2011 stating, "Per counsel, the five-year statute of limitations [*sic*] to bring this matter to trial will expire on 02/19/2012." There was no claim of tolling at that time, only four months before the time period expired. The court also observed that counsel had not sought an order specifying any tolled periods, which is the "better practice." Finally, it is not unusual for there to be periods of delay in complex cases for a variety of reasons and there is no case law suggesting these result in "automatic[] toll[ing]."

In the reply brief plaintiffs make an extensive argument on this issue. They cite to their opposition to the motion to dismiss pursuant to the five-year statute and set out the time they believe should have tolled the statute, totaling 556 days. One period

was when the court stayed written discovery about the class for purposes of completing the depositions of defendants' persons most knowledgeable and the original plaintiffs. This was to extend for about six weeks, although it ultimately lasted for not quite a year. Plaintiffs claim defendant delayed in scheduling depositions and plaintiffs could not engage in other class-related discovery. But defendant was not solely responsible for delay. For example, during that time plaintiffs' counsel could not locate the original plaintiffs and new plaintiffs had to be substituted in, also causing a delay. And contrary to plaintiffs' suggestion, this is not a basis for tolling but is a normal part of litigating a class action.

And plaintiffs point to nothing in the record showing they sought any court intervention to have the depositions set sooner. In addition, there was other discovery they could have conducted. Further, discovery delays are part of the everyday slings and arrows of litigation. Plaintiffs have not cited any case supporting their argument or shown how discovery delay made it impracticable to timely bring the case to trial. If so, the five-year statute would likely be tolled in a majority of, at least complex, civil cases.

A major procedural issue in the case was plaintiffs' attempt to obtain information as to the identity and related information about the class members. Plaintiffs claim defendant "defied court orders to produce a complete, verified" list, setting out the history of their attempts to obtain it. This primarily deals with the dispute over whether defendant had information about the employees who worked for the company from 2003 to 2005 prior to defendant's purchase. Plaintiffs claim defendant failed to furnish required information.

But, as defendant points out, the parties met and conferred for several months to determine how to provide information spanning more than six years, for two separate companies that had workplaces in several locations. Further some of the information was in the possession of third party payroll services. Within four months of

9

the conclusion of the depositions and lift of the written discovery stay defendant produced a list with the names of almost 6,500 employees.

Further, as late as January 2012 plaintiffs were still seeking class information for the 2003 to 2005 purported class members, filing another ex parte motion to compel. The court denied their motion, finding that defendant had consistently informed plaintiffs of the difficulty it had in providing information as to the identity of specific employees for the period before it owned the company. Except for a verification, which defendant subsequently provided, defendant had given plaintiffs the contact information for those parties since 2009 and it had no further information. This is sufficient evidence on which the court could rule there was no tolling based on this alleged discovery dispute.

Plaintiffs' contrary evidence is not relevant. It is not our role to reweigh the evidence, redetermine issues of credibility, or resolve conflicts in the evidence. (*Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 766.) Our review is limited to whether there is substantial evidence in the record to support the judgment, which we presume to be correct, and not whether there is evidence to support the opposite result. (*Bowers v. Bernards* (1984) 150 Cal.App.3d 870, 874.)

Nor did the court err in failing to consider the not quite two months during which defendant's petition for writ of mandate to reverse the order to certify was before us. Plaintiffs rely on an alleged concession by defendant that the period would be tolled but defendant's counsel merely stated there might be a tolling if the petition was granted and there was a stay. That could have been correct but the petition was summarily denied. And there was no agreement to toll the statute.

Plaintiffs argue that had the petition been granted, the notice to the class and associated discovery would have been moot because the class would not have existed. But defendant's petition included, in the alternative, a request the class be modified to exclude the period prior to the time it owned the company and also to limit a

10

subclass to employees working for a shorter period of time.  Had this part of the petition been granted, the class action would have proceeded.  Thus, there is no basis to toll.

Plaintiffs have not shown the court abused its discretion in refusing to toll the five-year statute.  Moreover, they have not met their burden to show the court erred in decertifying the class.

## DISPOSITION

The order is affirmed. The request for judicial notice is denied.  Defendant is entitled to costs on appeal.

THOMPSON, J.

WE CONCUR:

BEDSWORTH, ACTING P. J.

MOORE, J.

11